## QUALE V. HAZEL.

1. Where plaintiff, in an action for commission for the sale of land for defendant, alleged that the contract sued on was made with defendant's agent, whose authority to contract with plaintiff defendant denied, the contract between defendant and his agent, which defendant testified was the only contract he had made regarding the sale of the land, was admissible.

2. By an option contract for the sale of land at a specified sum, providing that the vendor should pay the vendee a certain amount as liquidated damages if he should refuse to accept the price and execute a deed as he had therein contracted to do, the vendor conferred no authority on the vendee to bind the vendor to pay any commission to a third person on account of the sale.

3. In an action for commission for a sale of land under a contract alleged to have been made with defendant's agent, where there was evidence tending to show that a contract was entered into between the agent and defendant for the exchange of land by which defendant agreed to pay the agent a certain commission, and defendant testified that he had settled with the agent and gave him a note for the amount before he had any knowledge that plaintiff was in any manner connected with the transaction, plaintiff could not on cross-examination require the defendant to answer as to whether the note had been paid.

4. Instructions requested are properly refused when not based on evidence,

5. A principal is not liable on a contract of his agent, executed in the name of the principal, where the agent was not authorized by the principal to enter into the contract.

6. A ratification of the contract of an agent by a principal is not binding on the principal where it is not made with a full knowledge of all the facts connected with the transaction.

7. In an action against a principal to recover on an alleged contract made with his agent, where there was no evidence tending to prove that the alleged agent had authority to enter into the contract, it was proper for the court to assume in its charge that the agent had no authority to bind the defendant.

8. On conflicting evidence, the question whether a principal ratified the contract of his agent is a question for the jury.

9. The verdict of the jury on conflicting evidence is conclusive on appeal.

(Opinion filed July 6, 1905.)

Appeal from circuit court, Kingsbury county; Hon. CHARLES S. WHITING, Judge.

Action by A. N. Quale against O. H. Hazel. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*Christopherson & Medin,* for appellant

*E. F. Green,* for respondent.

CORSON, P. J. This is an action by the plaintiff to recover from the defendant the sum of $320, alleged to be due him as commission upon the sale of a half section of land in Kingsbury county. The case was tried to a jury, and, the verdict and judgment being in favor of the defendant, the plaintiff has appealed.

It is alleged by the plaintiff in his complaint that on the 29th day of January, 1904, this plaintiff and the defendant, by and through his duly authorized agent, H. V. Foxton, entered into a contract by the terms of which it was agreed that this

plaintiff should procure a purchaser for the half section of land at the agreed price of $30 per acre, and that, in consideration of such services by the plaintiff, the said defendant promised and agreed to pay him the sum of $320. The plaintiff further alleges that he found a purchaser ready, willing, and able to buy the said premises, and that said sale was completed. He further alleges that said contract and agreement entered into by and between him and the said Foxton was entered into with the full knowledge and consent of the defendant, and that the said defendant authorized the said Foxton to make said contract, and that said contract had been fully ratified by the said defendant; that no part of the said sum had been paid; and demands judgment for the said amount. . The defendant in his answer denies each and every allegation contained in the first paragraph of the complaint; denies that the defendant ever, either directly or indirectly, entered into any contract whatever with the plaintiff regarding the sale of the land described in the complaint; denies that he ever, directly or indirectly, agreed to pay the plaintiff $320 or any other sum. The defendant admits that the land described in the complaint was sold on or about the 14th day of March, 1904, but denies that the consideration was $30 per acre, and alleges that the consideration for said land was certain real and personal property situated in the town of Beaver Creek, Minn.; alleges that said sale was negotiated on the part of the defendant by one H. V. Foxton, and that said Foxton was the only agent employed or recognized by said defendant in said sale; alleges that he paid said Foxton in full for services in negotiating said sale, and that said payment was made to said Foxton before the defendant had any knowledge of this action, and before any demand whatever had

been made upon him by the plaintiff; denies that defendant has or ever had any knowledge whatever of said contract alleged to have been entered into; denies that the defendant ever authorized the said Foxton to enter into such a contract; denies that said Foxton ever had any authority from the defendant to enter into any contract whatever that would be binding upon the defendant, except that said land would be conveyed by the defendant to a person named by said Foxton upon payment to the defendant of a certain agreed cash consideration; and denies that said alleged contract has been in any manner ratified by said defendant. Defendant then proceeds to make certain allegations which are not material to the controversy. On the trial the plaintiff introduced no evidence proving or tending to prove that Foxton was authorized to employ the plaintiff as agent for the defendant to sell the property, but did introduce some evidence tending to prove that the defendant, after the alleged sale, ratified the alleged agreement between Foxton and the plaintiff in regard to certain commissions that would be paid to the plaintiff in case of the sale of the said property. The alleged ratification, however, was denied by the defendant, and Foxton in his evidence denied that there was ever any agreement between him and the plaintiff, either as agent of the defendant or otherwise, to pay the plaintiff any commission. On the trial the defendant, in support of his contention that Foxton was not authorized by him to contract for the payment of any commission to the plaintiff, offered in evidence the contract entered into on the 9th day of January, 1904, between him and the said Foxton, called an "option contract," and in which the said defendant gave to said Foxton an option to purchase the half section of land in controversy upon the payment

by said Foxton within 30 days of the sum of $7,040, which was to be accepted by the said defendant in full payment and satisfaction of the said land and that upon the payment of said sum within 30 days he would execute and deliver to said Foxton, or to any person he might designate, a warranty deed of the said premises; and in the said contract it was further agreed that, should the defendant neglect or refuse to close said option contract within said 30 days, he should pay said Foxton as liquidated damages the sum of $320. The defendant had previously testified that he had no other contract with Mr. Foxton regarding the sale of the said land except that contained in the contract. The admission of this contract in evidence was objected to by the plaintiff as incompetent, irrelevant, and immaterial under the issues of this case. This objection was overruled, and the plaintiff excepted, and, now assigns the ruling of the court in admitting the contract as error.

We are of the opinion that the contract was properly admitted. As we have seen, it was alleged that Foxton was the agent of the defendant, and, as such agent, was authorized to enter into the contract alleged to have been made with the plaintiff. It was competent, therefore, for the defendant to show the precise nature of the transaction between himself and Foxton in order to enable the court and jury to determine whether or not Foxton had any authority to act as the agent of the defendant in making the alleged contract with the plaintiff. The written contract was the best evidence as to whether or not any authority had been conferred upon Foxton to enter into the alleged contract claimed to have been made by him with the plaintiff. Under the contract as entered into it will be observed that the defendant had not employed the said

Foxton as agent, but had simply given him an optional contract for the sale to him of property upon the payment of the specified sum, and that the only contingency upon which he was to pay Foxton any amount was in case that Foxton should tender the amount mentioned in the contract, and he, the defendant, should refuse to accept the same and execute a deed as he had therein contracted to do, he would pay Foxton as liquidated damages the sum of $320. This contract, it would seem from the evidence, was in force at the time of the alleged contract between the plaintiff and Foxton on the 29th day of January, 1904. It is clear that under this contract Foxton had no authority to bind the defendant by any agreement for the payment of any commission to the plaintiff. There was evidence also, tending to show that subsequently to the expiration of this option contract a further agreement was entered into between the defendant and said Foxton by which, in lieu of the acceptance of money an exchange of property was had between the defendant and one Ferguson, who owned a hotel at Beaver Creek, Minn., and in making such exchange of the property the defendant entered into a new contract with the said Foxton to pay him $540 commission; and the defendant stated while upon the stand that he settled with Foxton and gave him a note for the amount before he had any knowledge that the plaintiff was in any manner connected with the transaction. On cross-examination the defendant was asked whether or not he had paid the note. The question was objected to, and the objection sustained, to which ruling of the court the plaintiff excepted and now assigns this ruling as error.

It is contended by the respondent that the question as to whether or not the note had been paid was immaterial, and

was not proper cross-examination. We are inclined to agree
with the respondent in this contention. The fact that he had
settled with Foxton prior to having any knowledge of the plain-
tiff's claim was the only matter of importance, and whether or
not the note given in settlement had been paid was clearly im-
material, and not proper cross-examination. As to whether or
not any employment of the plaintiff by Foxton, if there was
in fact any such employment, as the agent of the defendant,
was ratified by the defendant, the evidence was conflicting.

The principal question, therefore, presented by the appel-
lant relates to the instructions requested by the plaintiff and
refused by the court, and the instructions given by the court
on its own motion. The instructions requested are in sub
stance as follows: "You are instructed that whenever a per-
son has held out another as his agent authorized to act for him
in a given capacity, or when his habits or course of daily deal-
ing have been such as to reasonably warrant the presumption
that such other was his agent authorized to act in that capacity,
his authority to such other to act for him in that capacity will
be conclusively presumed, so far as it might be necessary to
protect the rights of third persons who have relied thereon in
good faith." This instruction was refused by the court, and,
we think, correctly, for the reason that there was no evidence
in the case proving or tending to prove that the defendant had
held out Foxton as his agent or as authorized by him to enter
into any contract on his behalf. While the statement of the
law as contained in this instruction may be correct, in the ab-
sence of evidence making it applicable to the case before the
court, it would have been improper for the court to have given
the instruction, as it might have tended to mislead the jury,

The court was also requested to instruct the jury as follows: "You are further instructed that if you find from the evidence that the defendant, O H. Hazel, agreed to pay this plaintiff the sum of $320, or $1 per acre, to procure for him a buyer for his premises, whether this agreement was made by Mr. Hazel, or by Mr. Foxton as his agent, your verdict should be for the plaintiff for the full amount which he seeks to recover, or $320." This was clearly erroneous, for the reason that it omitted an important qualification, namely, that Foxton was authorized by Mr. Hazel to enter into the contract. It will be noticed that the language is, "that if you find from the evidence * * * whether this agreement was made by Mr. Hazel, or by Mr. Foxton as his agent," and that the omission of the above qualification rendered the instructions clearly erroneous. Several other instructions upon this subject were requested and refused, but as they all related to the question of the ratification, and were fully covered by the court's instructions, we omit them, with the statement that the instructions fail to state a very important qualification as to ratification of an agency by a principal, namely, that his ratification was made with the full knowledge of all the facts connected with the transaction, as stated by this court in Shull v. New Birdsall Co., 15 S. D. 8, 86 N. W. 654.

Plaintiff's sixth, seventh, and eighth requested instructions were evidently intended to cover the theory of the plaintiff of an undisclosed principal. There being no evidence in the case upon which such instructions could be based, they were properly refused by the court.

It is further contended by the appellant that the court erred in its charge to the jury in several particulars, one of

which was in reference to the authority of Foxton to bind the defendant. The court charged the jury that as a question of law Mr. Foxton had no such authority. We are unable to discover, after a careful examination of the evidence, that there was any evidence proving or tending to prove that Foxton was authorized by the defendant to enter into any contract with another agent, and, no such authority being shown by any evidence tending to prove such authority, it was proper for the court to declare to the jury the law applicable to such a case, namely, that the assumed agent had no such authority to bind the defendant.

It is contended by the appellant that this instruction took from the jury the question of ratification, but it will be noticed this instruction had no reference to the subject of ratification, but only as to the actual authority of the agent to bind the principal. But, as before stated, there was no evidence from which a jury would be authorized to draw the conclusion that Foxton either had actual authority to bind the defendant, or was held out by the defendant as having any ostensible authority to bind him. Hence, upon the question of actual and ostensible authority to bind the principal, the instruction of the court was clearly correct. Numerous exceptions were taken to the charge, but, without discussing them in detail, it must suffice to say the charge of the court was eminently fair, and stated the rules of law correctly applicable to this case, and that upon the subject of ratification they were very fully instructed by the court, and in such a manner as to leave to the jury entirely the question of whether or not the defendant had ever ratified the alleged agreement between Foxton and the plaintiff in regard to the payment of a commission upon the

sale of the property, The verdict of the jury, therefore, upon this controverted question in favor of the defendant, is conclusive upon this court.

Finding no error in the record, the judgment of the court below is affirmed.