CROUGHAN, Respondent, v. GERLACH, Appellant

(298 N. W. 730.)

(File No. 8427. Opinion filed June 20, 1941.)

Rice & Rice, of Flandreau, for Appellant.
Krause & Van Buren, of Dell Rapids, for Respondent.

RUDOLPH, J. Plaintiff in this action seeks to recover from the defendant for alleged services performed as a real estate broker. Defendant is a resident of Minnesota and owned real estate in Moody County, South Dakota. One Dwight Lloyd, an attorney at law at Flandreau, South Dakota, had authority from the defendant to find a purchaser for this real estate and was acting as defendant's agent for that purpose. The plaintiff consulted Mr. Lloyd and contends that Mr. Lloyd agreed that, if plaintiff found a purchaser for this land, a commission would be paid to plaintiff. Thereafter, plaintiff produced one Vearrier and certain negotiations were conducted with Mr. Lloyd. However, no sale was consummated at this time. Mr. Vearrier later appeared at the office of Mr. Lloyd and stated that he could not purchase the farm at this time, but wished to rent it, whereupon he was advised by Mr. Lloyd to consult directly with the defendant. Mr. Vearrier then made a trip to the defendant's home in Minnesota, and after some negotiations a contract was entered into whereby Mr. Vearrier rented the premises for a year with an option to purchase. This agreement was made on the 22nd of September, 1938, and for the purposes of this opinion it may be assumed that the option to purchase was finally accepted and the sale of the farm completed to Mr. Vearrier. Concededly throughout all these transactions the plaintiff had no communication or contact with the defendant.

Under the rule announced by this court in the case of Rott v. Whiting, 55 S. D. 68, 224 N. W. 949, Mr.

Lloyd was not authorized to employ a subagent to sell this farm at the expense of the defendant. Plaintiff recognizes this rule but contends that it is subject to the qualification that the owner of real estate may ratify the actions of his agent in employing a subagent, and that the facts here disclose the defendant has ratified the actions of Mr. Lloyd in employing the plaintiff to sell this property. It is, of course, contended by the defendant that Mr. Lloyd never employed the plaintiff as a subagent, but in view of the evidence we must accept the trial court's finding adverse to this contention. The issue, therefore, narrows down to the sole question of whether or not the evidence is sufficient to support a finding that defendant ratified the employment of plaintiff as a subagent by Mr. Lloyd.

■■ To establish a ratification of the employment of plaintiff it is necessary for plaintiff to show that defendant retained the benefits of a transaction induced by the plaintiff with full knowledge of plaintiff having been the inducing cause of such transaction. Rott v. Whiting, supra; Quale v. Hazel, 19 S. D. 483, 104 N. W. 215; Shull v. New Birdsall Co., 15 S. D. 8, 86 N. W. 654. See, also, Brutinel v. Nygren, 17 Ariz. 491, 154 P. 1042, L.R.A. 1918F, 713; a well reasoned opinion wherein the facts are very similar to the facts now before us. We fail to find anything in the evidence upon which it might be found that on September 22, 1938, when the defendant entered into the contract with Vearrier, defendant knew that Vearrier was a prospective purchaser found by the plaintiff, Croughan, or that defendant had any knowledge that Croughan was the inducing cause of the transaction which finally resulted. As stated above, plaintiff had no contact of any kind with the defendant prior to the time the contract was made with Vearrier. Vearrier testified that, so far as he could remember, he did not mention Mr. Croughan's name to Mr. Gerlach; and Mr. Gerlach testified positively that Croughan's name was not mentioned in his negotiations with Vearrier, and that he did not know of any connection between Mr. Vearrier and Mr. Croughan until long after the contract was made. There does appear in evidence a letter written by Mr. Lloyd to Mr. Gerlach

wherein he refers to Mr. Croughan appearing at his office with a prospective purchaser for this farm, and wherein Mr. Lloyd inquires regarding the amount of cash payment which would be required, but there is no mention in this letter of Mr. Vearrier being the prospect of Mr. Croughan, and no knowledge of this fact could be imputed to the defendant on account of this letter. The evidence, in our opinion, is devoid of any showing that, at the time Mr. Gerlach entered into the contract with Vearrier, he was advised or had any knowledge that Croughan had been the inducing cause of Vearrier's interest in the land which resulted in the contract being made. This being true, we think a finding of ratification of the acts of Lloyd in employing plaintiff as a subagent cannot be based upon the fact that defendant finally consummated the sale of this land to Vearrier.

The judgment appealed from is reversed.

POLLEY, P.J., ROBERTS and WARREN, JJ., concur. SMITH, J., not sitting.