Per Curiam,
The question here is whether J. W. Baker was such an agent of the company as authorized him to bind it by his letter of Jan. 5, 1884, addressed to the plaintiff below, by which he offered to put the Siemens burners in their mill, with the agreement that if, “ after using them for one year, you find they do not answer your purpose, or that they get out of order, I will purchase them back from you at one-half the price they cost you in putting them in.” This letter was signed by Baker as the general agent. The plaintiffs below accepted the offer, had the burners put in their mill upon the faith of it, and, after a trial of them for several months, notified the defendant to take them out as they were not satisfactory. The company declined to take them back at half the cost, upon the ground that Baker had no authority to make such a contract, and *663 was not, in fact, the general agent of the lamp company. The jury have found the agency and the company is bound by such finding if there was sufficient evidence upon this question to submit to them. We think there was not only enough evidence to take the case to the jury but also to justify their verdict. Without specifying it in detail, we may refer to the letter of E. Stein, the president, to the plaintiffs, which, to some extent, at least, recognizes Baker’s agency. Aside from this, the defendant company have had the benefit of the contract, and they cannot now repudiate the authority of the agent who made it. This is familiar law.
J udgment affirmed.