CLOW-SCHAAF LUMBER COMPANY, Respondent, v. KASS
et al., Appellants.
(138 N. W. 1120.)

1. **Evidence—Pleading—Admission of—Harmless Error.**

Where, in an action for purchase price of material, defend-
ants admitted that the balance claimed by plaintiff was correct
unless one defendant was entitled to a certain credit, to which
in law he was not entitled, and the undisputed letters of the
other defendant virtually admitted her indebtedness in that
amount, held, that admission of evidence to prove the sale, the
amount thereof, the payments made, and balance due, if error,
was harmless.

2. **Corporations — Officers — Agency — Unauthorized    Contract    for
Credit.**

A corporation was not bound by an unauthorized and unrati-
fied agreement of its vice-president that a debt owed by him
individually to the buyer of building material from the corpor-
ation should be credited on the account for the material, though
the material was sold by the vice-president while he was one of
two active managers of the corporation.

3. **Principal and Agent—Agent's Individual Debt—Principal's Prop-
erty Applied.**

A managing agent of a corporation has, as such agent, no
authority to apply his principal's property to liquidate his own
indebtedness to a third person; and such third person is bound
to know that such agent cannot bind his principal.

(Opinion filed December 14, 1912.)

Appeal from Circuit Court, Beadle County.    Hon. ALVA E.
TAYLOR, Judge.

Action by the Clow-Schaaf Lumber Company, a corporation,
against N. J. Kass and another, to recover an alleged balance due
to plaintiff from defendants for building materials sold to them.
From a judgment in favor of plaintiff and from an order denying
a new trial, defendants appeal.    Affirmed.

*C. A. Kelley,* and *James Byrnes,* for Appellants.

The evidence shows plainly that the witness Mr. Schaaf
had no personal knowledge of the account and was refreshing his
memory from the ledger of the plaintiff company, his testimony
showed that the ledger was not a book of original entries and that
the book of original entries was not lost or destroyed.    Hence the
ledger was not admissible and it was not proper for him to read

32—Vol. 30, S. D.

the account from the ledger which was practically what was done in the case.

It is a well established rule of law that only books of original entry are admissible to prove an account and it would be violating the law altogether if the party is allowed to leave the original books at home and read from a copy which may or may not be correct, and without any opportunity for the jury or court to examine the original books to see how the original entries were made therein, and judge as to their credibility.

*Sutherland & Payne,* and *E. D. Ede,* for Respondent.

The first two assignments of error refer to objections made to certain question propounded to the witness Schaaf which were overruled by the trial court. The witness was giving testimony relating to the amount of lumber and material sold by the plaintiff to the defendants. He was asked and allowed to refer to a book called a "ledger" as a memorandum of the transaction to refresh his memory. The witness testified that the entries were made by himself at the time of the sales and delivery to the defendants; that at the time he made same he knew about the transaction, knew the memorandum was right, and knew of it from personal recollection aside from any day book or other memorandum of the transaction. Refreshing his memory from this he was allowed to testify as to the amount of material sold. We think that the ruling of the trial court was entirely right and proper and in accordance with the established rules of evidence. Any writing may be used to stimulate and revive a present recollection. Wigmore on Evidence, Sec. 758.

Further, any writing itself, which the witness testifies he passed judgment upon, and knew of its correctness when made, is admissible in evidence as evidence of the transaction. Wigmore on Evidence, Sec. 747.

Furthermore, the testimony which appellants now claim was erroneously admitted was given by other witnesses, to the admission of which no objection is now made. The witness, Schaaf, using the so-called ledger as a memorandum testified as to the amount of material sold, and the payments made by the defendants, thus showing the balance claimed by the plaintiff in this action. But the answer of the defendants was an admission of plaintiff's claim, and a claim of settlement. The defendant, N. J.

Kass, testified that the defendants bought' material to the amount of $1,193.80, and that he had paid them, aside from the Clow account, the sum of $1,155.75, thus leaving a balance due plaintiff of $38.05, without applying the Clow account. Exhibit "D" was received in evidence, being a letter written by the defendant, Mary Kass to C. C. Whitcher, which states that $38.05 was' due plaintiff without interest.   Any error in admitting the testimony of the witness Schaaf would be without prejudice where the same evidence is given by other witnesses, or where the facts testified to are admitted by the pleadings.   Gale v. Shillock, 4 Dak. 182; Yankton Bldg. & L. Assn. v. Dowling, 10 S. D. 540.

Generally speaking, all persons dealing with the officers and agents of corporations are bound to take notice of the fact that they act under charters, general statutes, by-laws, or usages, which more or less define the extent of their authority, and such persons must in doubtful cases at their peril, acquaint themselves with the extent of that authority.   10 Cyc. 940, citing cases from Alabama, Connecticut, Georgia, Illinois, Massachusetts, Michigan, Missouri, New Hampshire, New York, Pennsylvania, Tennessee, Virginia and Wisconsin.

In this case it is conceded that Mr. Clow was the agent of the plaintiff in conducting its business and selling lumber.   But his authority was to sell the lumber and conduct the business in the usual course of business.   The authority to do things outside of the general course of business could not be implied but must be by express authority.   No authority is shown to divert the property of the corporation to the payment of his personal indebtedness.   The authorities go further and hold that "for the directors or contracting officers of a corporation to divert its property, or pledge its credit to the payment or securing of their individual debts is a fraud and breach of trust towards the corporation, and its shareholders, and a fraud as to its creditors."   10 Cyc., pp. 799-800; Nix v. Miller, 26 Col. 203; Dunlacher v. Frazer, 8 Wyo. 58; Main Jellicce Mountain Coal Co. v. Latspeich, 14 Ky. L. Rep. 595, 20 S. W. 377; Close v. Potter, 25 N. Y. Supp.l. 972; Greenville Gas. Co. v. Reis, 54 Ohio St. 549.

"The general rule is, that one who receives from an officer of a corporation the notes or securities of such corporation in payment of, or security for a personal debt of such officer, does

so at his own peril. Prima facie, the act is unlawful, and unless actually authorized, the purchaser will be deemed to have taken them with notice of the rights of the corporation." Wilson v. M. E. R. Co., 120 N. Y. 145; Germania Safety Vault & Trust Co. et al. v. Boynton, 71 Fed. 797; 10 Cyc. 942, note 91; Wheeler v. Home Savings, etc., Bank, 188 Ill. 34, 57 N. E. 598.

WHITING, J. This action was brought by plaintiff corporation to recover of the defendants a balance which, it was claimed, remained due and unpaid upon an account for building material sold defendants by the plaintiff. Trial was had before the court and a jury, and a verdict was directed in favor of plaintiff for the amount claimed. Judgment was entered upon said verdict, and, a motion for a new trial having been denied, the defendants appealed from such judgment and order denying new trial.

[1] Although the record countains several assignments of error, there are really but two matters presented for our consideration. Defendants objected to certain evidence, received upon behalf of plaintiff, and which was offered for the purpose of proving the sale of this material to the two defendants, the amount thereof, the payments that had been made, and the balance due thereon. It is unnecessary for us to determine whether or not there was any error in the rulings of the court in relation to this evidence for the reason that the error, if there was any, was not prejudicial to the defendants. The answer of the defendants admitted as to one defendant that, unless he was entitled to the credit hereinafter referred to, he was owing the balance claimed to be due; the undisputed letters of the other defendant virtually admitted that she was indebted in said amount; and the first defendant, when a witness upon the stand on behalf of the defendants, admitted unequivocally that the balance claimed by plaintiff remained due and unpaid unless defendants were entitled to the said credit above referred to.

[2] The real question in this case, and the one going to the merits of the defense, relates to a credit claimed by defendants. They sought to offer proof to sustain their claim to this credit, and such proof was, in part, rejected by the trial court. For the purposes of this case it will be presumed that defendants could have proven the facts as claimed. If, under such facts, defendants would have been entitled to the credit claimed, this cause

should be reversed and a new trial granted; otherwise, it should be affirmed. The evidence received, together with that offered, would have tended to prove the following facts: Plaintiff corporation, at the time of the sale of this building material, was under the actual control and active management of two of its officers, one of who was Mr. Clow, its vice president. The contract for the sale of this lumber was entered into on behalf of the corporation by said Clow with the defendant N. J. Kass. At the time of the making of said contract, the said Clow individually was indebted to the defendant N. J. Kass upon an account for labor performed by said defendant, and, in connection with the sale of the building material, he agreed with this defendant that defendants should receive a credit upon said bill for the amount of said account. The corporation never gave this credit. With such credit allowed, there would be no balance due the plaintiff.

[3] The trial court ruled that the agreement to credit such account was not binding upon the corporation. In this the trial court was clearly right. One proposition which lies at the basis of the law of agency is that a person cannot fairly serve two masters whose interests are conflicting, and it is therefore an established proposition that an agent—even though he be a general agent—cannot be presumed to have authority to do an act or enter into a contract binding upon his principal when such act or such contract is one in which he has a personal interest known to the party with whom he is dealing. So it is held that, unless an agent has actual authority—or by the acts of his principal has been clothed with ostensible authority—to enter into such a contract, he has no authority to contract the use of the property of his principal to liquidate his own indebtedness to a third person; and, if he does so, the principal may recover the property or its value in an action against such third person. 31 Cyc. 1605; 2 Ency. L. & P. 1224. Applying this principle, fully recognized in the law of agency, to the case of a corporation which can act only through agents, it follows that, while a managing agent of a corporation will be presumed to have authority to enter into any and all ordinary transactions upon behalf of said corporation which are within the corporate powers of such corporation, yet when any transaction in which he attempts to act as the agent of such corporation is one in which he is also acting in his own

behalf—which fact, as in the case at bar, is known to the party with whom he is dealing—the presumption in favor of the power of such agent or officer ceases. In such a case the other party is bound to know that the agent cannot bind the corporation unless he has special authority from the corporation so to do. It therefore becomes incumbent upon a party, who seeks to hold a corporation to a contract or agreement made by its agent or officer under such circumstances, to ascertain, at his own peril, whether or not the officer or agent had authority to enter into the contract. As is well stated in 10 Cyc. 799, "for the directors or contracting officers of a corporation to divert its property or pledge its credit to the payment or securing of their individual debts is a fraud and breach of trust toward the corporation and its shareholders, and a fraud as to its creditors."

Appellants have cited but one case in support of their contention, namely, the case of Siemens, etc., Co. v. Horstmann et al. (Pa.) 16 Atl. 490. An examination of this case will show that the propositions therein involved have not the remotest bearing upon the question presented upon this appeal. With the legal propositions announced in said case we fully agree; the same having but recently been announced in the decisions of this court.

Defendants neither introduced nor offered any evidence tending to prove that Clow had actual or ostensible authority to credit said account upon said bill sold, or that his agreement so to do was ever ratified by the corporation.

The judgment and order appealed from are affirmed.