[No. 11860.  Department One.  July 11, 1914.]

EILERS MUSIC HOUSE, *Appellant,* v. E. L. FAIRBANKS *et al.,*
*Respondents*.[1]

SALES — CONDITIONAL SALES — CONSIGNMENT TO AGENT.  Where
pianos were consigned to agents to be sold at stated prices, and re-
turns made on sales in cash or approved notes of the purchasers
secured on the instruments sold, and goods not sold within 90 days
to be subject to the principal's orders, the transaction was a con-
signment for sale upon commissions, and not a conditional sale,
within Rem. & Bal. Code, § 3670, requiring conditional sales to be
filed for record.

FACTORS — POWERS — TITLE TO PROPERTY — SALE FOR PREEXISTING
DEBT.  A factor of goods consigned for sale on commission cannot
sell or pass title in consideration of a preexisting debt, regardless
of whether the purchaser had notice that he was a factor; innocent
purchasers not being protected where they acquire goods of a factor
outside of accustomed methods.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered November 8, 1913, dismissing
an action of replevin, upon granting a nonsuit.  Reversed.

*E. P. Whiting,* for appellant.

*Walter Metzenbaum,* for respondents.

GOSE, J.—This is an action of replevin, brought by the
plaintiff to recover the possession of a Marshall & Wendall
piano which, at the time of the commencement of the action
and at the time of the trial, was in the possession of the
defendants.  At the close of the trial, the court granted a
motion for a nonsuit, and a judgment was entered dismissing
the action.  The plaintiff has appealed.

The appellant claims that it consigned the piano to
F. O. H. Goodman and E. G. Helgesen, for sale in accord-
ance with the terms and conditions of a certain written con-
tract whereby Goodman and Helgesen acted as its factors

[1]Reported in 141 Pac. 885.

in the sale of the goods consigned. The contract which the appellant accepted, and under which the piano in question passed from the possession of the appellant, is, in substance, as follows: Goodman and Helgesen, on May 6, 1912, addressed a letter or order to the appellant, in which they say:

"We will take from you a consignment at Seattle . . . 100 player pianos of the Marshall & Wendall make . . . at the agreed price of $360 f. o. b. Seattle, including player piano bench with each player, *which we agree to sell* at not less than your stock price of $650 without having your written consent so to do. . . . We agree to order and sell exclusively for you . . . We will keep all goods in our hands fully insured and have policies in case of loss made payable to you and deposit such policies with you. We will pay all taxes levied on such goods as you may consign to us while the same are in our hands or possession. Our consignment account shall at no time exceed $8,000. Instruments consigned to us shall be subject to your order after 90 days from date of shipment to us, and we also agree to pay you in cash on the first of each month interest at the rate of six per cent per annum on the billing price of all goods and instruments remaining on our hands longer than ninety days from date of shipment. We will endeavor to sell all instruments consigned to us within sixty days from the date of shipment to us, and will promptly remit to you cash or approved customers' contract notes which will always be subject to your approval with security on the instruments sold. . . . For the purpose of forming the basis upon which our compensation is to be fixed for the sale of such instruments and attending to collections or whatever else you may call upon us to do, instruments are to be invoiced to us as agents, at prices as above stated, and we agree that our compensation and commission hereunder shall be such sum or sums as we may sell said instruments for in excess of such billing. . . . We will send you a report on the first day of each and every month of all instruments remaining unsold and make prompt returns as soon as sales are made."

The whole tenor of the instrument shows that the goods were to be consigned for sale upon commission, and that

there was no conditional sale, because the contract does not create the relation of vendor and vendee. *Childs v. Waterloo Wagon Co.*, 37 App. Div. 242, 57 N. Y. Supp. 520; *National Cordage Co. v. Sims*, 44 Neb. 148, 62 N. W. 514. In the *Sims* case, the court, in construing a similar contract, observed that the distinction between conditional sales and consignments of personal property by a principal to a factor for sale upon commission has been frequently overlooked by both textwriters and judges. It quoted approvingly from Newmark on the Law of Sales, § 19, as follows:

"Whenever it appears from the contract between the parties that the owner of personal property has transferred the possession thereof to another, reserving to himself the naked legal title thereof, solely for the purpose of securing payment of the price agreed upon between them, the contract is necessarily a conditional sale and not a bailment."

The court further said that the conditional sales statute contemplates only cases in which the relation of vendor and vendee exists; that is, where the title to property involved is intended to pass from one party to the other upon the performance of the condition named. The court further said that a consignment of goods under a contract providing that the consignee shall receive them and return periodically to the consignor the proceeds of sales at prices agreed upon or charged by the latter, is not a conditional sale but a transaction of principal and factor. In the *Childs* case, a similar contract was construed as a consignment of goods to a factor to be sold upon commission, and not a conditional sale.

After the piano in question had been consigned to Goodman and Helgesen, the latter, with the consent of the former and with the consent of the appellant, withdrew from the business, and the business was continued in the name of Goodman. About two months later, Goodman sold the piano to Helgesen, giving him possession, the consideration being a preexisting debt owed by Goodman to Helgesen and

the transfer from Helgesen to Goodman of a conditional sale contract for another piano. Some five months later, Helgesen entered into a contract with the respondents whereby he agreed to sell them the piano, they paying twenty-five dollars in cash and agreeing to pay the remainder in installments, title being retained by Helgesen.

It is the settled law that a factor can neither pledge the goods of his principal, nor dispose of them by way of exchange or barter, nor sell them for a prior debt.

"Whenever the factor has bartered or disposed of goods in a manner not within the ordinary and accustomed modes of transacting the like business, the principal may follow and reclaim the property, and in such case it is wholly immaterial whether the person dealing with the factor knew him to be such or not." *McCarthy v. Crawford*, 238 Ill. 38, 86 N. E. 750, 128 Am. St. 95, 29 L. R. A. (N. S.) 252.

"In the absence of statutes which furnish protection to persons dealing with factors, the principal can recover his property wherever he can trace it as distinct from that of the factor into whomsoever's hands it may have come. He is entitled to recover the specific goods themselves if they can be had, and if the goods themselves cannot be recovered he may recover their proceeds if they can be traced. Thus if a factor barters his principal's goods in a manner not authorized by the principal and not within the ordinary modes of transacting business, the principal may follow and reclaim the property whether the person dealing with the factor knew him to be such or not. But if the principal has by any act of his own induced a third person to believe he has given the factor authority to dispose of the goods the principal cannot reclaim them. The principal may recover goods or the proceeds of a consignment of a person to whom they were turned over in the payment of an antecedent debt due from the factor. If goods are wrongfully taken from the possession of a factor by an officer the owner may recover them back." 19 Cyc. 174, 175, subd. (e).

See, also, *Childs v. Waterloo Wagon Co., supra;* and *Warner v. Martin*, 11 How. 209. This rule applies to a purchaser without notice from one who has acquired pos-

session of property from a factor through barter or exchange or in consideration of a preexisting debt. *Warner v. Martin, supra.* This is true because one who purchases from a factor in consideration of a preexisting debt, or in part consideration of a preexisting debt and barter or exchange, acquires no title; and having no title, can pass none. This rule, of course, is subject to the equitable principles of estoppel where the facts are such as to bring the case within them; but there are no such facts present in the case at bar.

The contention of respondent that the contract in question is a conditional sale within the meaning of Rem. & Bal. Code, § 3670 (P. C. 349 § 35) as construed in *Eisenberg v. Nichols,* 22 Wash. 70, 60 Pac. 124, 79 Am. St. 917, is not sound. The statute is that "all conditional sales of personal property or leases thereof containing a conditional right to purchase" etc., where the property is placed in the possession of the vendee, shall, unless a memorandum of the sale is filed for record, be absolute as to the classes therein named. The contract under review is not a contract for a conditional right to purchase, but is a mere consignment of goods by a principal to a factor to be sold upon commission.

The judgment is reversed, with directions to proceed in harmony with this opinion.

CROW, C. J., ELLIS, MAIN, and CHADWICK, JJ., concur.