KAHNEY, Respondent, v. THAYER, Appellant.

(154 N. W. 1103.)

(File No. 3692.    Opinion filed December 1, 1915.)

1. **Negotiable Instruments—Assignee of Innocent Indorsee—Fraud, Unavailing Defense.**

   One who, after maturity, purchased for value and received an assignment of a promissory note from one who was an indorsee thereof for full value in due course in good faith before maturity and without notice of defense thereto, there being a verdict in favor of the assignee plaintiff, on all the issues, held the note free from the defense that it was procured through fraud.

2. **Negotiable Instruments—Assignee of Innocent Purchaser—Fraud as Defense, Evidence, Immateriality of—Harmless Error.**

   The maker of a note, which as shown by the uncontradicted evidence, came into the hands of plaintiff's indorsee as an innocent purchaser, thus rendering plaintiff a holder free from the defense of fraud in its inception, is not prejudiced by rulings of the trial court upon the reception or rejection of evidence offered under the defense of fraud.

Appeal from Circuit Court, Lincoln County.    Hon. JOSEPH W. JONES, Judge.

25—Vol. 36, S. D.

Action by J. W. Kahney, against H. E. Thayer, upon a promissory note. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*A. B. Carlson, Brown & Brown,* and *Aikens & Judge,* for Appellant.

*Bailey & Voorhees,* for Respondent.

(1) Under point one of the opinion, Respondent submitted that:

The Grant Park State & Savings Bank, respondent's endorser, being a purchaser of the note in suit for full value, before maturity, in due course and without notice, was an innocent purchaser. The bank paid full value for the note. The jury decided all of the issues in favor of respondent; and appellant has no defense to this note in the hands of respondent.

(2) To point two of the opinion, Appellant cited:

State v. Cadwell, et al, 44 N. W. 700, Ia.

Respondent cited:

McCormick Harvesting Machine Company v. Watson 5 S. D. 9.

McCOY, P. J. This suit was brought by plaintiff as owner by endorsement to recover the amount claimed to be due from defendant as maker of a promissory note. There was a general verdict upon all the issues in favor of plaintiff, and judgment thereon, and defendant appeals.

[1, 2] On the 1st day of August, 1912, appellant executed and delivered said note, and according to the terms thereof, for value received, promised to pay, on the 1st day of December, 1912, to the order of the United Mercantile Agency, $2,500, with interest. Appellant denied that said note was indorsed in good faith, in due course of business, for value, before maturity, to respondent and pleaded as a defense that the execution and delivery of said note was procured through fraud and fraudulent representations. The assignments of error relate only to the rulings of the trial court upon the reception or rejection of evidence offered in connection with the defense of fraud and fraudulent representations. It is the contention of respondent that, inasmuch as the jury returned a general verdict in his favor upon all the issues, and inasmuch as the undisputed and uncontradicted evidence shows that the bank from whom respondent procured said note

was an innocent purchaser in good faith of said note for full value, before maturity, in due course, without notice, no evidence at all having been offered to the contrary by appellant, that appellant had no defense to said note, on the ground of fraud, in the hands of respondent. We are of the view that this contention of respondent is well taken, and that whatever error, if any, was made in the reception or rejection of evidence relating to the defense of fraud was immaterial error and without prejudice, under the circumstances of this case. Whether or not plaintiff was an innocent holder in good faith of the note in question was one of the issues presented by the pleadings. Plaintiff offered evidence, which stands uncontradicted in this record, tending to show that on the 11th day of September, 1912, the said note was, in good faith, for its full face value, sold and indorsed in due course without notice of defenses thereto, by the said United Mercantile Agency, to the Farmers' State & Savings Bank, of Grant Park, Ill., and that thereafter, on the 15th day of April, 1913, the said bank for value sold and assigned said note to respondent. This is one of the issues that was necessarily submitted to and found by the jury in favor of plaintiff. The sufficiency of the evidence to sustain the verdict is not questioned. The uncontradicted evidence submitted by plaintiff was sufficient to have warranted the trial court in directing a verdict for plaintiff upon this issue of innocent ownership; and it therefore necessarily follows that no prejudicial error can be based on the rulings of the trial court in relation to defenses that could not be interposed against an innocent holder of the note.

We are therefore of the view that the defense as to fraud in the making of said note was not available against plaintiff, and that no prejudicial error could be based on the rulings of the trial court in relation to such defense.

The judgment and order appealed from are affirmed.