ATLAS LUMBER COMPANY, Respondent, v. ROSENBER-
GER, Appellant.

(161 N. W. 332.)

(File No. 3976.  Opinion filed February 16, 1917.  Rehearing denied
March 22, 1917.)

1.  Contracts—Action on Note—Defense, Payment to Payee's Agent—
Unauthorized Contract for Credits.

Where defendant, employed by partners in a dray business,
one of the members of which firm was plaintiff's agent in the
sale of lumber and coal, was given credit by said member of the
firm in monthly settlements for his wages, for the amount of
lumber and coal sold to defendant by said agent, but the agent
failed to give credit to, or to account to plaintiff for said
amount so credited, held, in a suit upon a note given by de-
fendant to plaintiff for the amount of the lumber, etc., sales,
that the account therefor remained unpaid regardless of de-
ductions made by said agent, notwithstanding that plaintiff
when the note was given agreed that the note would "go no
further," in view of defendant's having made affidavit of the
facts concerning the credits so given him; following Clow-
Schaaf Lumber Co. v. Cass, 30 S. D. 497, 138 N. W. 1120.

2.  Contracts—Suit on Note—Agreement Not to Sue, Validity—
Statute.

Under Civ. Code, Sec. 1276, declaring void a stipulation in
a contract restricting a party thereto from enforcing his rights
thereunder by usual legal proceedings, an agreement, either in
a note, or a contemporaneous oral promise that payee would
not sue on the note, is void.

Appeal from Circuit Court, Hyde County.  Hon. JOHN F.
HUGHES, Judge.

Action by the Atlas Lumber Company, a corporation, against
Elmer Rosenberger to recover upon a promissory note.  From a
judgment for plaintiff, and from an order denying a new trial,
defendant appeals.  Affirmed.

M. C. Cunningham, for Appellant.

O'Brien & Gage, for Respondent.

(1) To point one of the opinion, Appellant cited:  31 Cyc.
1605, 1585, 1405, 1378; Bank v. Kellogg, 4 S. D. 312-318.

Respondent cited:  1 Am. & Eng. Ency. Law, p. 1028; Par-
ker v. Leach, (Neb.) 107 N. W. 217; Zelenka v. Port Huron
Machinery Company, (Mich.) 123 N. W. 332; Bridges v. Gar-
rett, L. R. 5 C. P. 454; 31 Cyc. 1605; 2 Ency. L. & P. 1224;
Clow-Schaaf Lumber Company v. Kass et al., 138 N. W. 1120.

(2) To point two of the opinion, Respondent cited:  9 Cyc. 546; Civ. Code, Sec. 1276.

WHITING, J.  Action on promissory note.  Verdict directed for plaintiff.  From judgment and order denying new trial, defendant appeals.

[1] The facts. which must be taken as conceded by plaintiff on its motion for directed verdict are:  Defendant was in the employ of L. & M., partners in a dray business.  L., at the same time, was the agent of plaintiff.  L., as such agent, from time to time sold defendant lumber and coal of the aggregate value of $52.30. . During the period covered by such sales, defendant made monthly settlements with the firm of L. & M. for wages due him; upon such settlements, L. would pay him the amount due less the amount defendant was then owing plaintiff; but L. failed to give defendant credit on plaintiff's books or otherwise account for same to plaintiff.  Defendant made an affidavit of the above facts at request of plaintiff.  He also gave plaintiff the note in suit.  The note was for the amount of goods purchased. Plaintiff agreed that, as long as it had the affidavit, the note would "go no further."  By its direction of verdict, the trial court held that the account remained unpaid regardless of the deductions made by L. from amounts due defendant from L. & M.  Such holding is clearly right.  Clow-Schaaf Lumber Co. v. Kass, 30 S. D. 497, 138 N. W. 1120.

[2] Defendant contends that plaintiff agreed not to sue on the note.  The note itself contained no such provision.  If it had contained such a provision, the provision would have been void. Section 1276, C. C.  Therefore if the writing could be varied by the evidence of the oral agreement, and we should construe the term "go no further" to mean that the note would not be sued on, it would avail defendant nothing.

The judgment and order appealed from are affirmed.