FILLAUS, Appellant, v. GREENFIELD, Respondent.

(164 N. W. 63.)

(File No. 4144.   Opinion filed August 7, 1917.)

1. **Appeals—Error—Questions, Etc., in Assignments, Not in Brief, Effect—Review.**

   Assignments of, error in rulings on evidence will not be considered on appeal where the questions, rulings, etc., while embraced in assignments, are not found in the brief.

2. **Partnership—Agency of Firm, Authority of Partner to Bind, Limit of.**

   The general rule is that each member of a partnership is

agent of the firm, and may bind it in any transaction within scope of the partnership business, but not othewise.

3. **Same—Transfer of Firm Property to Pay Personal Debt, Authority—Knowledge of Partnership Interest, Effect—Purchase of Firm Property From Partner.** .

A member of a partnership was without authority to transfer firm property in satisfaction of his own personal indebtedness; and held, that a purchase by plaintiff of calves from one who was a member of a firm to whom plaintiff, as agent for a company, had sold lumber, with knowledge that the calves belonged to the partnership, and an attempted payment for them in part by crediting the partner vendor with the price of the lumber, was unauthorized; since the rule is applicable that an agent has no authority to contract the use of property of his principal to liquidate his own indebtedness to a third person, unless he has actual authority, or by principal's acts is given ostensible authority so to do.

4. **Same—Ratification of Unauthoized Act of Agent, Applicability of Rule to Partner.**

The doctrine of ratification of unauthorized act of agent applies equally to unauthorized act of member of a partnership, when acting as its agent.

5. **Same—Unauthorized Use of Firm Property by Partner—Ratification, Evidence to Show, Under Non-counterclaim Answer, Whether Rebuttal—Estoppel in Reply, Necessity of Plea.**

Evidence to show ratification of a partner's unauthorized use of firm property in discharging a personal debt, is proper rebuttal; as no pleading of estoppel by way of reply was necessary under the statute (Code Civ., Proc., Sec. 130), the answer not having plead a counterclaim. And where defendant had shown the act of his partner wrongful and in excess of his authority as partner, plaintiff, in a suit for possession of such property under the alleged sale thereof to him, might show, in rebuttal of such defense, any act of defendant amounting to ratification, without pleading estoppel in reply.

6. **Evidence—Partnership Property, Partner's Use to Pay His Debt—Ratification by Partnership Settlement, Partner's Rebuttal Testimony to Show, Competency—Estoppel.**

Where, in a suit by one claiming to have purchased from a partner firm property, for possession thereof, the partner so selling was, after defendant had rested, called to testify to a conversation in substance that witness had sold and delivered the property to plaintiff, had received payment therefor and had the purchase money, which he was ready to pay over on partnership settlement, and that thereafter they made such settlement, including this transaction, and that defendant

allowed witness the purchase price of such property in the settlement, an offer of such proof constituted ratification of the alleged unauthorized sale, and would estop defendant from denying authority to so sell.

Appeal from Circuit Court, Charles Mix County. Hon. ROBERT B. TRIPP, Judge.

Action by A. J. Fillaus, against J. C. Greenfield, to recover possession of personalty. A verdict having been directed for defendant upon all issues, plaintiff appeals from an order denying his motion for new trial, assigning error upon direction of verdict, and also upon ruling on matters of evidence. Reversed.

*J. E. Tipton, (Spangler & Haney,* of counsel), for Appellant.
*French & Orvis,* for Respondent.

(3) To point three of the opinion, Respondent cited: Grooms v. Neff Harness Co. (Ark.) 96 S. W. 135; Smith v. James (Ark.) 13 S. W. 701; Talbott v. Great Western Plaster Co., 86 Mo. App. 558; Binns v. Waddill, 32 Grat. 588.

SMITH, J. Appellant, Fillaus, brought an action, claiming title and right of possession of 29 head of calves alleged to have been purchased by him from one Perrin. At the close of the evidence, the trial court directed a verdict for defendant upon all the issues. Plaintiff appeals from an order denying his motion for a new trial, and assigns error upon the direction of the verdict, and also upon some 38 rulings of the trial court on matters of evidence, alleged to be material as tending to show the existence of an alleged partnership between the defendant, Greenfield, and Perrin.

[1] For the purposes of this appeal, we shall assume, without reviewing the sufficiency of the evidence or the alleged errors in rulings upon evidence, that a partnership existed between Greenfield and Perrin. This assumption renders appellant's assignments of error in rulings upon evidence relating to the alleged partnership wholly immaterial, and we shall not consider them further than to observe that certain of them could not be considered, because the questions, rulings, etc., while set out in the assignments, are not found in the statement of evidence in the brief. Appellant's counsel in his brief says.

"Our first contention is that Mr. Perrin and Dr. Greenfield were partners in the buying, taking care of, and selling these cattle and calves."

The undisputed evidence—in fact, the evidence of the plaintiff himself—shows that Fillaus, as agent in charge of the business of J. H. Queal & Co., lumber dealers at Dante, sold lumber and building material to Perrin for the erection of a drug store at Dante, for which Perrin became indebted to Queal & Co., in the sum of $400; that plaintiff bought from Perrin, and now claims title to, 29 head of calves, concededly the property of the (assumed) partnership, for the agreed price of $615, and paid therefor by crediting Perrin with $400 on the books of Queal & Co. the amount due them for lumber, giving him a check for $215. In short, the undisputed evidence is that Fillaus used his employers' money, in large part, to buy these calves, and that Perrin used the partnership property to pay his own person debt to J. H. Queal & Co. Appellant founds his claim of title to the property in dispute upon this purchase. It must be assumed that appellant knew the property he attempted to purchase from Perrin belonged to the firm of Greenfield & Perrin, because he so alleges, and that he knew Perrin was using the partnership property to pay his personal debt to Queal & Co. In principle, the transaction is precisely the same as though Fillaus had knowingly accepted partnership property in payment of an indebtedness of Perrin to himself, and now claimed title against the partners.

[2] The general rule is that each member of a partnership is the agent of the firm, and may bind the firm in any transaction within the scope of the partnership business, but not otherwise. In Lumber Co. v. Kass, 30 S. D. 497, 138 N. W. 1120, this court said:

"One proposition which lies at the basis of the law of agency is that a person cannot fairly serve two masters whose interests are conflicting, and it is therefore an established proposition that an agent, even though he be a general agent, cannot be presumed to have authority to do an act or enter into a contract binding upon his principal, when such act or such contract is one in which he has a personal interest known to the party with whom he is dealing. So it is held that, unless an agent has actual authority—or by the acts of his principal has been clothed with ostensible authority—to enter into such a contract, he has no authority to contract the use of the property of his principal to liquidate his own indebtedness to a third person; and, if he does so, the prin-

cipal may recover the property or its value in an action against such third person."

See Atlas Lumber Co. v. Rosenberger, 161 N. W. 332; Talbott v. G. W. Plaster Co., 86 Mo. App. 558; Buins v. Waddill, 32 Grat. (Va.) 588; Grooms v. Neff Harness Co., 79 Ark. 401, 96 S. W. 135; Smith v. James, 53 Ark. 135, 13 S. W. 701.

[3, 4] It is apparent, therefore, that Perrin, as a member of the alleged partnership, was without authority to transfer the firm property to appellant in satisfaction of his own personal indebtedness, and appellant, knowing the same to be partnership property, became charged with knowledge of this limitation upon Perrin's authority, as agent of the firm, and therefore appellant never became vested with title to the property as against the other member of the firm. By the state of facts thus conceded it is clear that defendant Greenfield established a complete defense against plaintiff's claim of title, because of Perrin's lack of authority to transfer title to the partnership property in payment of his personal debt. But the doctrine of ratification of the unauthorized act of an agent applies equally to the unauthorized act of a member of a partnership when acting as its agent.

[5] Appellant made an offer of evidence tending to show Greenfield's ratification of Perrin's unauthorized act, which was rejected, and error assigned. It is respondent's contention that evidence to show ratification of the act of Perrin is not proper rebuttal, and not within the issues. In this respondent is in error. No pleading of estoppel by way of reply was necessary under the statute. In Stenson v. Elfmann, 26 S. D. 134, 128 N. W. 588, where the answer did not plead a counterclaim and no reply was required, plaintiff served and filed a reply, alleging an estoppel. The reply was stricken out, and it was held that facts constituting estoppel might be proved under the statutory reply. This ruling is directly in point here. The defendant having shown that the act of Perrin was wrongful and in excess of his authority as a partner, the plaintiff had the right, in rebuttal of such defense, to show any act of defendant which would amount to a ratification of the unauthorized act, and thus estop defendant from denying Perrin's authority. And in this connection the existence or nonexistence of the partnership is wholly immaterial, for the reason that any unauthorized assumption of the right to

sell, whether as partner, or even without pretense of any authority whatever, could be so ratified as to estop defendant from asserting want of authority in Perrin.

[6] Perrin, being called as a witness after defendant had rested his case, was asked to state a conversation with defendant about January 1, 1914. This was objected to as not rebuttal; objection sustained, and exception allowed. Appellant then made an offer of proof by the witness on the stand, as follows:

"The plaintiff offers to prove by the witness, in answer to the question propounded, that he did, at the time and place mentioned by the witness, have a conversation with Dr. Greenfield in regard to having sold the calves in dispute to the plaintiff, and will further show by the witness upon the stand, that he at that time informed the defendant, Dr. Greenfield, that he sold the calves in dispute to the plaintiff, and delivered them to him, had received payment for them, and that he at that time told the defendant, Greenfield, that he had the money given in purchase of the calves, and that he was ready to pay the money over to Dr. Greenfield upon settlement of the partnership dealings between the defendant and the witness, touching this and other cattle, and that the defendant, Greenfield, at that time refused to make settlement, but that afterwards, and after this action was commenced, the defendant and the witness did make settlement of their partnership dealings with reference to these cattle and other cattle handled by them together at about that time, and that the defendant, after allowing the witness the purchase price of those calves, $615, paid to the witness in addition thereto the sum of $2,100 as the share of the witness, in the profits derived from the handling of these and other cattle handled by them at about that time.

"Mr. Orvis: This offer is objected to, on the ground that in great part it goes clear beyond anything that would be rebuttal evidence, and no part of it is rebuttal in form. I concede that a part of the evidence offered, if in proper form, would be admisisble. (Objection sustained. Exception allowed.)"

The facts stated in this offer of proof, if shown, would clearly constitute a ratification of the alleged unauthorized act of Perrin, and would estop respondent from denying his authority to sell the partnership property. If Perrin paid, and Greenfield accepted and

allowed, the full purchase price of the partnership property sold to Fillaus, in a settlement between himself and Perrin, he should not now be allowed to question Fillaus' title.

In rejecting this offer of proof, we are of the view that the trial court committed an error which necessitates a reversal of the case. It will be so ordered.