Note.—Reported in 207 N. W. 72. See, Headnote (1) and (2), American Key-Numbered Digest, Telegraphs and telephones, Key-No. 19, 37 Cyc. 1649.

As to duty of telephone company to change location of poles in street or highway, see note in L. R. A. 1917D 663.

---

REINHARD BROTHERS COMPANY, Respondent, v.
SWANSON, Appellant.

(207 N. W. 102.)

(File No. 5462.   Opinion filed January 23, 1926.)

1.   **Appeal and Error—Trial—Instructions—Error Which Is Not Prejudicial Is Not Ground for Reversal.**

Error in admission and exclusion of evidence, and in giving and refusing instructions, if not prejudicial, is not ground for reversal.

2.   **Trusts—Evidence—Evidence Held to Show Defendant Taking Over and Operating Brother's Business Was Trustee.**

In action for balance of account of goods purchased by defendant's brother, evidence held to show that defendant, who took over and operated brother's business, was trustee, within Rev. Code 1919, Secs. 1189 and 1203, making him liable for debts of business to same extent as if he had become owner.

Appeal from Circuit Court, Brown County; HON. ROBERT D. GARDNER, Judge.

In action by the Reinhard Bros. Company against C. O. Swanson. From a Judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Affirmed.

*Ezra L. Baker,* of Aberdeen, for Appellant.

*Culhane, Schaphorst & Austin,* of Minneapolis, Minn., and *Corrigan & Walton,* of Aberdeen, for Respondent.

MORIARTY, C.   The respondent corporation brought this action to recover from the appellant a balance of account for goods purchased by F. S. Swanson, doing business as the Swanson Motor Company.   The record shows that during the year 1921 and the early part of the year 1922, F. S. Swanson, a brother of appellant, was conducting a battery service business in Aberdeen under the name of Swanson Motor Company, and that while so engaged said F. S. Swanson became indebted to the respondent for supplies used in said business.   During February, 1922, by an arrangement with said F. S. Swanson, the appellant took over the management of the business of the Swanson Motor Company, sold property belonging to it, bought supplies, and employed labor for the continuance of the business, and, in general, carried on the business as it had been conducted by F. S. Swanson.   During all of these times the appellant was conducting a business of his own under the name of the Federal Tire & Supply Company.   This business was conducted in part of the same double building in which the business of the Swanson Motor Company was located.

The respondent corporation brought this action on the theory that, when appellant took charge of the business of the Swanson Motor Company in February, 1922, he purchased the business from his brother, F. S. Swanson, acquired title to all the property used in said business, and assumed payment of all the debts of F. S. Swanson arising from the business.   And in its complaint respondent alleges that appellant stated to respondent's representative that he had purchased said business and assumed its indebtedness, and that appellant promised respondent's agents that he would pay the account due to respondent.

Appellant admits taking over the management of F. S. Swanson's business, but he denies that he purchased the business or assumed its debts.   He denies that he ever stated that he had bought the business or assumed its debts, and he denies that he ever promised to pay the indebtedness of F. S. Swanson to respondent.

The case was tried to a jury, which returned a verdict in favor of respondent for the full amount of its claim. Judgment was entered in accordance with the verdict, and from that judgment and an order denying his motion for a new trial the appellant has taken this appeal.

In his brief appellant's counsel presents numerous assignments of error. But as we view the record it will not be necessary for us to discuss these assignments separately.

An analysis of the case shows that respondent had the burden of proving two main points: First, the indebtedness of F. S. Swanson to respondent; second, the assumption by appellant of liability for such indebtedness. The fact of F. S .Swanson's indebtedness to respondent, or the amount thereof, is not directly disputed, but appellant alleges that the trial court erred in various rulings on the admission of evidence to prove this indebtedness. We fail to find any reversible error in the rulings excepted to and affecting the evidence on this point.

[1] On the question of appellant's assumption of the indebtedness, there is direct conflict of evdence, and the appellant assigns numerous alleged errors in the admission and exclusion of evidence, and in the giving and refusing of instructions affecting this question. But, as we view the evidence, none of the matters complained of can be prejudicial to appellant, and therefore it is not necessary for us to determine whether there was techincal error in these matters, as error which cannot be prejudicial is not ground for reversal. Lumber Co. v. Kass et al., 30 S. D. 497, 138 N. W. 1120; Weller v. Platt, 33 S. D. 509, 146 N. W. 705; Squier v. Mitchell, 32 S. D. 342, 143 N. W. 277; Dakota Nat. Bank v. Kleinschmidt, 33 S. D. 132, 144 N. W. 934; Steensland v. Steensland, 43 S. D. 416, 179 N. W. 495; Kahney v. Thayer, 36 S. D. 385, 154 N. W. 1103.

Our holding that the errors complained of cannot be prejudicial is based upon the following facts:

[2] The appellant himself testified that in February, 1922, his brother, F. S. Swanson, stated to him that he was unable to take care of his business, and asked appellant to take charge of his business and apply the proceeds to the payment of his debts. Appellant consented to do this, and took charge of the business, sold property belonging to the business, paid help employed there-

in, and purchased supplies therefor. He traded automobiles belonging to this business for a house, and allowed the house to be conveyed to his father. During the months of April, May, June, and July, 1922, he deposited, in his own name, and in a bank in which he had previously maintained an account of his own funds, the sum of $2,311.50. He kept no books from which he could tell the sources from which this money came or for which it was expended. He failed to produce at the trial the checks upon which he drew out this money, although their production was duly demanded. He had no record from which he could account for receipts during August, 1922. In September, 1922, he began depositing receipts from this business in the account of the Federal Tire & Supply Company, intermingling the funds from the two sources, and keeping no account by which they could be distinguished from each other. He admits that after he took charge of F. S. Swanson's business, F. S. Swanson remained there for a time and was selling goods out of the business, and appellant kept no account of sales made by either. He never made any invoice of the property of the Swanson Motor Company, or any accounting to his brother or to any one else of the business he transacted. He ordered goods shipped to the Swanson Motor Company, and paid for them with his personal check upon the intermingled funds. He continued to carry on the business under the name of the Swanson Motor Company up to the time of the trial. He paid with his own check for supplies purchased for this business, besides labor, heat, light, power, rent, and other bills, and has never accounted to any one as to any profit or loss or any proceeds of the business, or any inventory of stock on hand.

When the appellant accepted the task of managing the business and applying proceeds to the payment of F. S. Swanson's debts he became a trustee in possession of the business, and the respondent and other creditors had an interest in his acts as trustee. Section 1189 of the Revised Code provides:

"Every one who voluntarily assumes a relation of personal confidence with another is deemed a trustee within the meaning of the chapter, not only as to the person who reposes such confidence, but also as to all persons * * * over whose affairs he, by such confidence, obtains any control."

Section 1203 provides:

"A trustee who willfully and unnecessarily mingles the trust property with his own, so as to constitute himself in appearance its absolute owner, is liable for its safety in all events."

While the respondent brought this action on the theory that appellant bought the business and assumed the debts, and it produced evidence to the effect that appellant represented such to be the fact, and, while all contentions between the parties were directed to this question of ownership and assumption of debts, and appellant's assignments of error deal with evidence and instructions as to that question, appellant's admissions show that, if he was not the owner, he was a trustee, and his acts as such trustee made him liable to the same extent as if he had in fact become the owner.

The evidence was such as to have justified the trial court in instructing the jury to return a verdict in favor of respondent for such amount as the evidence showed to be due to it from F. S. Swanson, doing business as the Swanson Motor Company. This being true there could be no prejudicial error in any of the matters complained of, in so far as they affect the question of appellant's liability for the debts of the business.

There being no reversible error shown by the record, the judgment and order appealed from are hereby affirmed.

CAMPBELL, J., concurs in the result.

Note.—Reported in 207 N. W. 102. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-Nos. 1047(1), 1064(1), 1067, 4 C. J. Secs. 2952, 2986, 3013; (2) Trust, Trials, Key-No. 104, 39 Cyc. 193.