DE BATES, Appellant, v. SEARLS et al, Respondents.

(216 N. W. 586.)

(File No. 5880. Opinion filed December 13, 1927.)

*Mundt & Mundt,* of Sioux Falls, for Appellant.

*Tobin & Raley,* of Sioux Falls, for Respondents.

MORIARTY, C. The appellant, De Bates, brought this action to recover a piano. The evidence was presented to a jury, but at the close of the evidence the court granted the defendants' motion for the direction of a verdict in their favor. A verdict was returned in accordance with the court's direction, and judgment entered thereon. From this judgment, and an order denying a new trial, the plaintiff appeals.

■ The vital question presented on this appeal is whether the trial court erred in directing a verdict for defendants. In determining whether there was a question which should have gone to the jury, we are justified in resolving in favor of appellant all conflicting evidence. So considered the facts shown by the record are as follows:

On September 15, 1923, and for some time prior thereto, the appellant owned a certain player piano. On that date he went to the salesroom of George L. Fish, a dealer in musical instruments from whom appellant had originally purchased the piano. Appellant asked Fish to buy the piano. Fish said he could not buy it, but would take it into his salesroom and try to sell it as appellant's agent. It was agreed that Fish should do this, and in event of a sale being made appellant should receive $425 of the purchase price and Fish should have all above that amount as his commission. It was further agreed that if the piano was sold on time payments the sale contract should run directly to the appellant from the purchaser. About September 20, the piano was delivered to Fish pursuant to the agreement.

On September 22, 1923, the piano was sold to the respondent Searls upon a partial payment contract whereby Searls agreed to pay the respondent Cable Company $575 therefor. The sum of $75 was credited on said contract for a phonograph which Searls turned in on the deal, the balance to be paid in monthly payments of $15 each, beginning October 15, 1923.

This contract and a partial payment note given by Searls were turned over to the Cable Company and that company gave Fish credit for $575 on an indebtedness due from Fish to the Cable Company. On November 1, 1923, Fish closed his place of business, and immediately thereafter went into bankruptcy. Appellant's wife called at Fish's place of business on two different occasions and asked for a copy of the contract, but Fish said he had received

some money on the contract, but did not say how much, and did not tell the name of the purchaser; he said the contract was not made out yet. On one of these occasions he paid appellant's wife $5 and on the other occasion $4 as money paid on the sale contract. On the 30th day of November, 1923, appellant took the piano from Searls on claim and delivery papers issued in this action.

About five days after the piano was delivered to Fish by appellant, Fish sold appellant an Edison phonograph for $100, the agreement being that it was to be paid for in installments as the money came in on the piano contract. Afterward a "Magnavox" and a sewing machine were sent or taken from Fish's salesroom to appellant's house on approval, but both were promptly returned to Fish. Searls made no payment on the piano except to deliver the phonograph to Fish. The Cable Company made no payment on the piano except to give Fish credit on his account. Could Fish transfer title to the Cable Company in payment of his own debt?

■ There seems to be abundant authority to support the following statement found in Mechem on Agency, § 354:

"An agent intrusted with goods to sell for his principal has no right to sell or deliver them in payment of his own debt, or to pledge them as security for his own debt, and persons dealing with such agent are bound to take notice of this limitation of his authority." Mechem on Agency, § 354; 25 C. J. "Factors," § 17; Lumber Co. v. Kass, 30 S. D. 497, 138 N. W. 1120; Eilers Music House v. Fairbanks, 80 Wash. 379, 141 P. 885; McCarthy v. Crawford, 238 Ill. 38, 86 N. E. 750, 128 Am. St. Rep. 95, 29 L. R. A. (N. S.) 252.

Respondents seek to raise questions of laches on appellant's part because of his allowing Fish to have ostensible authority to sell the piano and because this action was not begun until after Fish had been adjudged bankrupt. These arguments have no force under the circumstances in this case, nor do the briefs show that any such issue was raised by the pleadings.

■ While our statement as to what is shown by the record is supported by substantial evidence, there is a conflict of evidence on a vital point. Fish denied that he took the piano to sell for appellant. He testified that the understanding was that he was buying the piano and was to pay appellant $425 for it. The ques-

tion as to the nature of the transaction should have been submitted to the jury.

The judgment and order appealed from are reversed.

GATES, POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, P. J., concurs in the result.