LAPP, Respondent, v. J. LAUESEN & CO., A Corporation, et al, Appellants

(293 N. W. 536.)

(File No. 8308. Opinion filed August 10, 1940.)

**Williamson & Williamson,** of Aberdeen, for Appellants.
**Van Slyke & Agor,** of Aberdeen, for Respondent.

ROBERTS, J. Plaintiff instituted this action to recover damages for personal injuries resulting from a collision between a Ford sedan owned and operated by Dan Lapp, husband of plaintiff, and a Ford truck owned by J. Lauesen & Co., and operated by J. Lauesen, alleging that the driver of the truck turned to the left from a point where his truck was obstructed from view by another truck which preceded it and that he turned without warning or signal before passing the middle line of the intersection and without ascertaining whether or not a car was approaching from the opposite direction, causing the collision and injury sustained by the plaintiff.

Plaintiff and her husband, residents of Hebron, N. D., had been to Virgil, S. D., about 90 miles south of Aberdeen, and while returning the collision occurred. The accident occurred about 8 o'clock in the morning of September 28, 1938, within the city limits of Aberdeen where trunk highway No. 12 and Eleventh Street intersect. The highway runs east and west and Eleventh Street runs north and south. The city limits begin at Twelfth Street, a block west of the intersection where the car and truck collided. Beginning at the city limits there is a slight incline to the west. From Twelfth Street east past the intersection where the collision occurred the highway is practically level. Plaintiff was riding in the front seat with her husband and her sister-in-law was riding in the rear seat. While they were thus proceeding down the incline to the west of Aberdeen plaintiff and her husband observed a truck approaching from the east carrying a load of coal. Mr. Lapp testified that as they drew near the intersection he saw a truck behind the

coal truck; that the driver of the second truck which was involved in the accident "took a long angling turn across the highway" without giving any signal indicating that he intended to turn into Eleventh Street. The right front fender of the Lapp car struck the right rear wheel of the truck. Plaintiff, concerning the control and speed of the car, testified: "I noticed from time to time how fast we drove. Mr. Lapp was driving between 35 and 40 miles an hour. As we were coming along east into Aberdeen he was not driving at the same speed that he drove in the country. I looked to see how fast he was driving when we were coming down the hill. He was driving 28 miles an hour. The car did not seem to go any faster after that, * * * On the way coming up from Virgil he was not at any time faster than I thought was safe. I felt safe all the way coming up. It appeared to me that he was driving at a safe speed just before this happened. I was not nervous at any time until the accident happened. * * * We had not driven at a speed of over 40 miles an hour at any time on that trip. I had not asked him not to drive so fast at any time on this trip. I have asked him before—not so many times—once in a while. Sometimes he drives too fast. * * * A little over 40, then I think he drives too fast and I tell him about it."

Katie Fruehrer, the other passenger in the car, testified that Mr. Lapp decreased the speed of his car to about 25 miles an hour when he approached the city limits.

From judgment entered on the verdict rendered in favor of plaintiff and from an order denying motion for new trial, defendants appeal.

██ We will first consider the claim that the husband of plaintiff was negligent and that such negligence was imputable to her. It is the settled law in this state that in the absence of some control or authority over the operation of the car by the wife, the negligence of the husband in driving the car is not imputable to his wife, who is riding with him as a passenger, and will not prevent her from recovering against a third person for injuries sustained by reason of the concurring negligence of her husband and such third person. Pemberton v. Fritts, 56 S. D. 374, 228

N. W. 409; Ulrickson v. Chicago, M. St. P. & P. Ry. Co., 64 S. D. 476, 268 N. W. 369. Counsel for defendants concede that the mere fact that the parties are husband and wife is not the determining factor but that the circumstances must be such as to indicate that they were jointly operating and controlling the movements of the car. When we turn to the record in this case, we do not find that plaintiff managed or controlled the car or had the right to do so and if not, then the negligence, if any, of the husband was not imputable to the plaintiff. Holdhusen v. Schaible, 60 S. D. 275, 244 N. W. 392; Zeigler v. Ryan, 65 S. D. 110, 271 N. W. 767. The mere fact that plaintiff protested whenever her husband drove faster than 40 miles per hour would not warrant the conclusion that she and her husband exercised joint control over the operation of the car.

 While the negligence of the husband would not defeat recovery by the plaintiff, yet her own negligence would. She was not absolved from exercising such care for her own safety as an ordinarily prudent or reasonable person would exercise under like circumstances. What, if anything, plaintiff should have done, or omitted to do, in the exercise of reasonable care for her own safety, to prevent her injury, depended upon the facts and circumstances. It is not claimed that plaintiff was guilty of any overt act which contributed to her injury, but it is insisted that in the exercise of ordinary care for her own safety plaintiff should have observed the truck of the defendants approaching and directed the attention of her husband to it and that she should have warned him that he was driving at too great a rate of speed and that her failure to do so was contributory negligence as a matter of law. We must construe the evidence bearing upon the issue of contributory negligence in the light most favorable to the plaintiff. The car in which plaintiff was riding was being driven at the rate of about 28 miles per hour as it approached and entered the intersection. This was in excess of the rate of 20 miles per hour prescribed by ordinance. There was no evidence that plaintiff had reason to be apprehensive of her safety while riding with her husband and the record does not present a situa-

tion where a passenger observed danger and having opportunity to influence the situation for safety failed to warn the driver. There is a gradual slope in the highway west of Aberdeen, and defendants contend that plaintiff descending the hill must necessarily have seen both trucks. The evidence does not compel this conclusion. The jury could have believed, we think, from the evidence that the Lauesen truck was obstructed from the view of the occupants of the Lapp car and that plaintiff looking in the direction of approaching traffic was unaware of the presence of the Lauesen truck until it was within the intersection and was turning into Eleventh Street. From the testimony of defendant J. Lauesen, it clearly appears that he was driving his truck at a distance of 12 to 25 feet behind the coal truck, and was "driving just a little further to the right than the coal truck." Plaintiff testified that she saw the coal truck approaching from the east, but did not see the other truck until it was within the intersection. Mr. Lapp lessened the speed of his car as he approached the city limits and the unlawful speed continued only for a short distance.

■ It is not for this court to say that plaintiff had opportunity to apprehend danger by the exercise of ordinary care and that a prompt warning to the driver would have averted a collision. Similarly, with respect to the speed of the car, it cannot be said as a necessary conclusion that plaintiff failed to exercise ordinary care. The mere concurrence of the violation of the ordinance regulating the speed of motor vehicles with the accident did not of itself render the violation a concurring cause of the injury. See Descombaz v. Klock, 58 S. D. 173, 235 N. W. 502; Harvison v. Herrick, 61 S. D. 245, 248 N. W. 205. Plaintiff cannot be charged with contributory negligence as a matter of law for her failure to remonstrate when it does not conclusively appear that the violation of the ordinance proximately contributed to the accident.

■■ Defendants claim error in the giving of instructions. The court instructed the jury in effect that if the negligent acts of both drivers contributed concurringly and as proximate causes to the injury of the plaintiff, each of

them is liable to the plaintiff, without consideration of the comparative degrees of their negligence. Defendants claim that there is no right of action in either the husband or the wife for the personal tort of the other. There would, of course, have been no collision if the drivers of the two motor vehicles had each exercised ordinary and reasonable care. If the negligence of the driver of the Lapp car was the sole proximate cause of the collision, the defendants are not liable. But negligence to render a person liable need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury. Petteys v. Leith, 62 S. D. 149, 252 N. W. 18. Conceding that plaintiff would have no cause of action against her husband, we do not think that the giving of these instructions constitutes prejudicial error.

The judgment and order appealed from are affirmed.

All the Judges concur.