NIELSEN, Appellant, v. RICHMAN, Respondent

(299 N. W. 74.)

(File No. 8397.  Opinion filed June 28, 1941.)

Rehearing Denied August 6, 1941.

**Danforth & Danforth,** of Sioux Falls, and **L. G. Atherton,** of Flandreau, for Appellant.

**Davenport & Evans,** of Sioux Falls, for Respondent.

RUDOLPH, J.   The plaintiff, Dena Nielsen, a girl sixteen years old, sustained injuries in an automobile accident which occurred on the south edge of the town of Colman where a street leading from the town intersects highway No. 34.   The car in which plaintiff was riding was being driven south on the Colman street and was struck when it reached a point about the center of the paving on highway No. 34 by defendant's car which was being driven west on the highway.   The trial court directed a verdict in favor of defendant and plaintiff has appealed.   In view of our conclusion that the case must be reversed on the doctrine of the last

clear chance, we will assume that the plaintiff was contributorily negligent.

■ "By virtue of the doctrine [last clear chance] a defendant whose negligent act was the final decisive cause of the accident may under certain circumstances be liable to the plaintiff even though the plaintiff had at an earlier stage of the proceedings been guilty of some negligence upon his own part in placing himself within the reach of the effects of the defendant's negligence. 'This doctrine necessarily assumes negligence on the part of the defendant, and contributory negligence on the part of plaintiff, and has no application whatever except upon that assumption'." Wolff v. Stenger, 59 S. D. 231, 239 N. W. 181, 184.

■■ Respondent insists that the pleadings in the case do not raise this question of the last clear chance, and that it follows that the issue is not involved. The complaint alleges that the defendant in driving his automobile proceeded toward this intersection at a high and dangerous rate of speed in "utter disregard and abandon of the safety of any vehicle or its passengers" at said intersection. The answer in response to this pleading alleged that the defendant was free from fault, and that the accident was due to the negligence of the plaintiff. It is now very generally held that the doctrine of last clear chance is a qualification of the rule which bars recovery if plaintiff has been guilty of contributory negligence, and is associated in proof with that defense and may be made the subject of evidence without it being specially disclosed by the pleadings. The Washington court in the case of Mosso v. E. H. Stanton Co., 75 Wash. 220, 134 P. 941, 944, L.R.A. 1916A, 943, had before it the identical question we are now considering under pleadings which, as disclosed by the opinion, were similar to those in the instant case. The Washington court said: "It is next contended that the court erred in submitting to the jury the question whether the appellant by an observance of the rule of 'last clear chance' could have avoided the accident. It is first argued that this rule cannot be invoked because the complaint did not admit contributory negligence on the

respondent's part. The answer, however, denied any negligence of the appellant and alleged affirmatively that the respondent's injury was due to his own negligence. This was equivalent to an allegation that contributory negligence of the respondent was the proximate cause of the injury. It was put in issue by the denial in the reply. The rule of last clear chance is grounded in the doctrine of proximate cause. Like any other phase of proximate cause, evidence to sustain it may be submitted to the jury under the general issue. We cannot subscribe to the doctrine that the rule of last clear chance can only be invoked by a plea in confession and avoidance. It would be more logical to say that the defense of contributory negligence could not be made or submitted to the jury without confession of the primary negligence of the appellant. We have never so held, notwithstanding the fact that contributory negligence is in this state an affirmative defense which must be specially pleaded. The denial of contributory negligence is not necessarily a denial of any negligence on the part of the injured person. It is only a denial of negligence contributing directly to the injury. The doctrine of last clear chance, while presupposing some negligence on a plaintiff's part, relieves that negligence of its contributory character where the injury results proximately from the failure of a defendant to embrace the last clear chance to avoid the injury. Moreover, the allegation of the complaint (in addition to specific allegations of negligence) that the appellant was operating the motor truck 'recklessly and without regard to the safety of pedestrians on the highway' was sufficient to admit evidence of a violation of the last clear chance rule in the absence of a motion to make more specific." See also, Braden's Adm'x v. Liston, 258 Ky. 44, 79 S. W.2d 241; Spaulding v. Miller, 220 Iowa 1107, 264 N. W. 8; Longenecker v. Zanghi, 175 Md. 307, 2 A.2d 20; Welch v. Fargo & M. St. P. Ry. Co., 24 N. D. 463, 140 N. W. 680.

We are convinced that the reasoning of the Washington court is sound and are of the view that the last clear chance of the defendant to avoid the collision was within

the issues as presented. There is an expression of this court which appears contrary to the conclusion just reached in the case of Herberer v. Chicago M. St. P. & P. Ry. Co., 59 S. D. 123, 238 N. W. 339, but the statement in that case was dictum as it was there held that the evidence did not support plaintiff's contention that the defendant had the last clear chance to avoid a collision.

■ We come now to the facts insofar as they relate to . the issue under consideration. The testimony is sufficient upon which the jury might find that, as the car in which plaintiff was riding approached this intersection, it was being driven at a very slow rate of speed and, at the time this car started onto the paved portion of highway No. 34 which was a twenty foot paved highway, it was going at a speed not to exceed five miles per hour. The jury might also find from the evidence that the defendant approached this intersection driving at a speed of sixty miles per hour or twelve times as fast as the car in which plaintiff was riding. Plaintiff's car traveled approximately ten feet on the paving before the accident. Upon this evidence the jury could conclude that at the time the car in which plaintiff was riding started onto the paved portion of the road, defendant's car was one hundred twenty feet to the east. Defendant testified that he observed the car in which plaintiff was riding as it approached this intersection and as it entered onto the paving. The plaintiff testified that she did not see defendant's car before the impact of the collision. The defendant further testified that when he was thirty or forty feet from the point of collision he stepped on his brakes, blew his horn, and swerved his car over to the left in the attempt to avoid an accident. The governing rule finds a clear statement in the Restatement of the Law of Torts (Negligence), Volume 2, Section 480:

"A plaintiff who, by the exercise of reasonable vigilance could have observed the danger created by the defendant's negligence in time to have avoided harm therefrom, may recover if, but only if, the defendant

"(a) knew of the plaintiff's situation, and

"(b) realized or had reason to realize that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid the harm, and

"(c) thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff."

■ That the defendant knew of the plaintiff's situation is clear from his testimony; he testified that he observed this car as it was approaching the intersection and as it entered onto the paving. We think it was within the province of the jury to find that at the time defendant was one hundred twenty feet east of the point of collision, plaintiff's car was slowly entering onto the pavement, and at this point defendant had reason to realize that the plaintiff was inattentive and unlikely to discover her peril. The reason for such realization being that defendant observed plaintiff's car slowly going onto the intersection in the direct path of his oncoming car which was then traveling sixty miles per hour. Is there evidence from which the jury might find that the defendant failed "to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff?" We think the jury might so find. Defendant testified that it was not until he was thirty or forty feet from the point of collision that he put on his brakes and swerved to the left. Should the jury conclude that defendant had reason to realize that the plaintiff had failed to discover her peril at a time when defendant was one hundred twenty feet to the east, we think that it was also within the province of the jury to determine that defendant was thereafter negligent in failing to use his brakes during the eighty or ninety feet of travel before he reached the point where he testified to using his brakes. There is also in evidence photographs of the cars taken after the collision and from these, together with other evidence, the jury could conclude that at the time of the impact defendant's speed was terrific. The jury could find that the defendant, after having reason to realize that plaintiff had not discovered her peril, failed to reduce the speed of his car to the extent that such failure

constituted negligence. We therefore believe that it was error for the trial court to direct a verdict and in any event the case should have been submitted to the jury on the doctrine of the last clear chance of the defendant to avoid harming the plaintiff. In the case of Iverson v. Knorr, 68 S. D. 23, 298 N. W. 28, the facts disclosed that the plaintiff had knowledge of her danger, and her ability to avoid the accident was equal to defendant's. Such is not the situation in the present case, this plaintiff was unaware of her peril and it was within the province of the jury to find that the negligence of defendant after discovering plaintiff's peril was the proximate cause of her injuries, and "severed the chain of causation which related plaintiff's injuries to her contributory negligence."

The judgment appealed from is reversed.

POLLEY, P.J., and WARREN, J., concur.
ROBERTS, J., dissents.
SMITH, J., not sitting.

ROBERTS, J., (dissenting). Plaintiff is not entitled to recover under the last clear chance doctrine upon evidence that there was a mere possibility that defendant could have avoided the collision. The doctrine as the name implies presupposes a sufficient interval of time within which defendant could have acted to avoid injuring the plaintiff. 5 Am. Jur., Automobiles, § 490. Defendant was traveling at the rate of 60 miles per hour or 88 feet per second. He was only one hundred twenty feet east of the point of collision when he had reason to realize the dangerous situation. This realization preceded the collision by slightly more than a second of time. The evidence in my opinion would not justify recovery under the last clear chance doctrine.