FROKE, Respondent, v. WATERTOWN GAS COMPANY, Appellant.

(1 N. W.2d 590.)

(File No. 8322. Opinion filed January 2, 1942.)

**Davenport & Evans,** of Sioux Falls, and **Andrew E. Foley,** of Watertown, for Appellant.

**Walter Stover,** of Watertown, for Respondent.

ROBERTS, J. ██ Plaintiff brought this action against the defendant for damages alleged to have been suffered as the result of an explosion of illuminating gas in a dwelling house. Defendant made a motion for a directed verdict at the conclusion of plaintiff's testimony and again at the conclusion of all of the testimony on the ground of insufficiency of the evidence, which motions were denied, and after verdict for plaintiff was rendered, defendant made a motion non obstante, which was denied, and judgment was rendered in favor of plaintiff. The judgment on appeal to this court was

reversed. Froke v. Watertown Gas Co., 68 S. D. 69, 298 N. W. 450. This court held that the evidence did not show that any act or omission on the part of the defendant was the proximate cause of the injury, and that plaintiff was not entitled to recover. The mandate to the circuit court is in the usual form reciting pursuant to the opinion that the judgment below is reversed. The reversal of the judgment without other direction requires the lower court to retry the action. Schnepper v. Whiting, 18 S. D. 38, 99 N. W. 84; Somers v. Somers, 34 S. D. 594, 149 N. W. 558, 559; Butler Bros. v. Mason, 52 S. D. 349, 217 N. W. 510; Wenzlaff v. Tripp State Bank, 55 S. D. 626, 627, 227 N. W. 79.

Defendant brought on for hearing before this court by order to show cause a motion to modify the judgment of this court. On appeal, defendant assigned as errors the overruling of motions for directed verdict and motion for judgment notwithstanding the verdict of the jury. It is now contended that the sole question for determination of this court was whether or not the defendant was entitled to judgment and that this court having held adversely to the plaintiff should have directed the entry of final judgment. The motion for judgment notwithstanding the verdict was made under the provisions of SDC 33.1705. This section in effect provides that where a party has moved for a directed verdict the trial court, on motion for judgment notwithstanding the verdict, or on motion for new trial, may order judgment in favor of the party who was entitled to have a verdict directed, and the Supreme Court on appeal "may order and direct judgment to be entered in favor of the party who was entitled to have such verdict directed in his or its favor, whenever it shall appear from the testimony that the party was entitled to have such motion granted." SDC 33.0710 authorizes the Supreme Court to reverse, affirm or modify the judgment or order appealed from and either to direct a new trial or direct the entry by the trial court of such judgment as it deems required under the record.

 It is not the function of an appellate court to determine controverted questions of fact and to direct entry of

final judgment upon such determination. Questions of fact are to be tried and determined in the courts of original jurisdiction. The powers conferred upon this court to render final judgment or direct the trial court to do so must be construed in harmony with the appropriate function of an appellate court. In 3 Am. Jur., Appeal and Error, § 1204, it is stated: "A reviewing court possessing authority to render final judgment or direct the trial court to do so may render final judgment on the reversal of a judgment for the plaintiff on the ground of insufficiency of the evidence to support it, and will exercise this power if the evidence is manifestly insufficient, and it does not appear that any new evidence can be procured on a retrial of the cause. But if the court is of the opinion that other evidence may be produced on a new trial, or is unable to say that such evidence may not be produced, it will not render final judgment, but will remand the case for a new trial." See also 5 C. J. S., Appeal and Error, §§ 1924, 1932; Annotation in 8 Ann. Cas. 873. The case of Minnehaha National Bank v. Torrey et al., 10 S. D. 548, 74 N. W. 890, followed this general rule in the following language: "The discretion of this court of directing the court below to enter judgment for the appellant on a reversal should only be exercised in cases when it is entirely plain, either from the pleadings or from the very nature of the controversy, that the party against whom the reversal is pronounced cannot prevail in the action. It must appear certainly that he cannot." This court on reversing a judgment may properly direct the lower court to enter final judgment where the facts of a case have been fully developed and the evidence is undisputed or without material conflict. Somers v. Somers, supra. This court may direct entry of final judgment if a party has had ample opportunity on two or more trials to present all the evidence in his favor. Murphy v. Sioux Falls Serum Co., 47 S. D. 44, 195 N. W. 835; Kerr v. Staufer, 59 S. D. 83, 238 N. W. 156.

It is urged that if motion for judgment notwithstanding the verdict had been granted this court would have been required to affirm the judgment and that dis-

position now should be no different than that which would have been required on such an appeal; that the defendant should be given the benefit of the judgment which should in fact have been entered in the trial court. It is the province of the trial court, before or after verdict on proper motion, to determine whether there is sufficient evidence to support a verdict in favor of the plaintiff. But it does not follow that the trial court must render final judgment if the evidence is not sufficient to sustain the verdict. The plaintiff may desire and be permitted to introduce further evidence if the court rules at the conclusion of plaintiff's evidence or at the conclusion of all the evidence upon proper motion that the evidence is insufficient to sustain a verdict. SDC 33.1705, relied on by defendant, had its inception in Chapter 181, Laws 1921. The original enactment contained substantially the same provisions as statutes then in effect in North Dakota and Minnesota. It has been held in those states that a motion for judgment notwithstanding the verdict should not be granted, unless there is no reasonable probability that the defects in proof can be supplied upon another trial. Larson v. Albers, 53 N. D. 340, 205 N. W. 875 and cases cited; Cruikshank v. St. Paul Fire & Marine Insurance Co., 75 Minn. 266, 77 N. W. 958; Marquardt v. Hubner, 77 Minn. 442, 80 N. W. 617. In other words, where the evidence is insufficient and it does not appear that other evidence cannot be produced, a new trial should be granted. The granting of a new trial is a matter for the consideration of the court in connection with the motion for judgment notwithstanding the verdict and the court in such instance does not act upon its own motion. Larson v. Albers, supra. It would not be in accord with these views to render final judgment or direct the trial court to do so in all cases as a matter of law upon reversing judgment in favor of the party who was entitled to have a verdict directed in his favor.

 We are satisfied from a consideration of the record in this case that this court would not be justified in directing final judgment for defendant. The facts are not undisputed, and it does not appear that plaintiff cannot show

upon another trial that an act or omission of the defendant was the proximate cause of the injury. It follows that the motion to modify should be denied, and it is so ordered.

All the Judges concur.