GENERAL TIRE AND RUBBER CO., Appellant, v. HAMM, Respondent

(6 N. W.2d 442.)

(File No. 8528. Opinion filed November 28, 1942.)

**Whiting and Wilson,** of Rapid City, for Appellant.

**T. B. Thorson** and **W. A. McCullen,** both of Rapid City, for Respondent.

SMITH, J.   This is an action by an assignee to recover on an account for merchandise sold and delivered to Claude L. Hamm by the Rapid City Tire and Tread Company, a corporation.   Subsequent to the commencement of the action the defendant died and the administratrix of his estate was substituted as the party defendant.   Verdict and judgment were entered for defendant.   The assignments predicate error upon the adverse rulings of the court upon plaintiff's motions for a directed verdict and for judgment n.o.v. and upon certain of the court's instructions.   Respondent has not filed an answering brief in this court.

To establish the account plaintiff introduced the original records and a ledger sheet of the vendor.   Defendant cross-examined plaintiff's witnesses but introduced no evidence on this phase of the case.   So far as we are able to discern, nothing appears on the face of these records, or in the examination or cross-examination of plaintiff's witnesses which seriously challenges the verity of the account as re-

flected by these records. Nevertheless, the trial court submitted the "amount and correctness" of the account to the jury. Plaintiff asserts that in so doing the trial court erred.

It has been said that the weight and credibility to be assigned to books of account is for the jury. 20 Am. Jur. 1064, 1213. We conceive this statement to be premised upon the assumption that the evidence as a whole, including the exhibited records, warrants a difference of opinion among reasonable minds as to the verity of the books. "Before there is anything for submission to a jury, the evidence offered as to the ultimate facts must be such that the application of normal intellectual faculties thereto might by the customary and normal processes of reasoning arrive at different judgments or conclusions." Jerke v. Delmont State Bank, 54 S. D. 446, 223 N. W. 585, 589, 72 A. L. R. 7. The books of account of the Rapid City Tire and Tread Company supplied prima facie evidence of the delivery of the merchandise and of the value thereof. Radtke v. Taylor, 105 Or. 559, 210 P. 863, 27 A. L. R. 1423. And see Newton v. Consolidated Gas Co., 258 U. S. 165, 42 S. Ct. 264, 66 L.Ed. 538; 20 Am. Jur. 1065, § 1213; and 32 C. J. S., Evidence, § 686, p. 567. In the absence of countervailing evidence they supplied conclusive proof of the items and amount of the account. Peters v. Lohr et al., 24 S. D. 605, 124 N. W. 853, and Jerke v. Delmont State Bank, supra.

As a part of the cross-examination of one Alfred Poppert, the former general manager of the vendor corporation, defendant established and introduced an exhibit dated March 15, 1940, a time subsequent to the last item of the account, which exhibit reads as follows: "Received of Claud L. Hamm payment in full of account on tires. Payment assumed by & charged to account of Al. Poppert. Rapid City Tire & Tread Co. Al Poppert." The circumstances in which this receipt was delivered to Hamm were described by Poppert as follows: "That was a deal whereby Claude Hamm and Del Hamm exchanged land and Claude took the difference that I was to pay Del on the transaction. It was a three-cornered transaction. * * *

I would pay a certain amount each month to him on the purchase of this property and that was to be held out of his purchase on tires. * * * That deal was my own personal deal, not a deal of the company." It was also revealed by Poppert's testimony that under somewhat similar circumstances, he had assumed other customers' accounts, and that while the corporation had refused to accept his assumption of this particular account, they had accepted his assumptions of other accounts in amounts not disclosed by the evidence. Poppert further testified that he transferred the land acquired from Del Hamm to a Mr. Crilly, an agent of the General Tire & Rubber Company. When asked whether he received money for the land, he replied in substance that the proceeds, in an undisclosed amount, went back to the Rapid City Tire and Tread Company and were credited by it on other customers' accounts Poppert had assumed. Whether the personal liability of these other customers had been theretofore discharged, or was discharged when these proceeds were received is not made clear. Neither does the testimony reveal whether the Rapid City Tire and Tread Company ever learned of the circumstances in which Poppert received title to the land in question from the Hamm brothers.

In submitting the cause to the jury the learned trial court recognized that according to the settled law of this jurisdiction, one in the position of Claude Hamm, who acts with full knowledge, must be held to know that a general manager of a corporation is without authority to divert its assets to his personal ends. See Clow-Schaaf Lumber Company v. Kass et al., 30 S. D. 497, 138 N. W. 1120; Atlas Lumber Company v. Rosenberger, 38 S. D. 302, 161 N. W. 332; and Commercial State Bank v. Iverson, 49 S. D. 466, 207 N. W. 471. The instructions told the jury that the burden was upon defendant to satisfy them that the corporation had either authorized such a use of its property by Poppert, or had subsequently "acquiesced in the making of such a settlement by receiving benefits that flowed or resulted from the making of the settlement." Plaintiff con-

tends, and soundly, we think, that the evidence is insufficient to develop a jury question on either of these propositions.

■■ The tendency of this evidence is to establish the authority of Poppert to assume the account by circumstantial evidence. We are committed to the view that the exhibited circumstances must not only be consistent with the theory sought to be established, but inconsistent with any other rational theory. Erickson v. Todd et al., 62 S. D. 280, 252 N. W. 879. The bare recital that the company did, at some time not fixed, accept Poppert's previous assumption of other customers' accounts in an amount not revealed does not support the desired inference.

■■ To warrant a conclusion that the Rapid City Tire and Tread Company had ratified the unauthorized use of its property by Poppert through application of the doctrine of equitable estoppel, it must be made to appear that the benefits of the transaction were received and retained by the corporation in such circumstances as would render its refusal to recognize the exhibited release inequitable. Federal Land Bank v. Houck, 68 S. D. '449, 4 N. W.2d 213. For ought that is evidenced in this record, the corporation may have been ignorant of the source of the benefits it received, and it may have delivered up full value therefor through the release of the personal liability of other customers. See Quale v. Hazel, 19 S. D. 483, 104 N. W. 215; Jewell Nursery Co. v. State, 8 S. D. 531, 67 N. W. 629; and 2 Am. Jur. 184, § 229.

■ For these reasons, and pursuant to the policy announced in Froke v. Watertown Gas Co., 68 S. D. 266, 1 N. W.2d 590, the judgment of the trial court is reversed.

All the Judges concur.