# VLACH, Appellant v. WYMAN et al., Respondents

## (104 N.W.2d 817)

(File No. 9819. Opinion filed September 20, 1960)

G. E. Bollinger, Woonsocket, **Gene E. Pruitt, Acie Matthews,** Sioux Falls, for Plaintiff and Appellant.

**Royhl, Benson & Beach,** Huron, for Defendants and Respondents.

HANSON. Judge. The plaintiff, James Vlach, was injured and his automobile damaged in an intersectional collision with defendants' truck. At the trial defendants moved for a direct verdict at the close of plaintiff's case and again at the close of all the evidence.Both motions were denied and the issues submitted to the jury. In its charge to the jury the trial court included instructions on comparative negligence and the doctrine of last clear chance. The jury returned a verdict in favor of plaintiff in the amount of $800. Defendants then moved for judgment notwithstanding the verdict. This motion was granted and judgment in favor of defendants entered. Plaintiff appeals relying on the doctrine of last clear chance for recovery.

The plaintiff Vlach, age 73, farms north of Artesian, which has been his trading center since 1918. On the morning of November 4, 1958 he drove into town to purchase weekly supplies. He started to leave Artesian about 11 o'clock in the morning by driving his automobile north on Main Street. When plaintiff came to the intersection of Highway 34, which runs east and west, he stopped as close to the highway as he could and looked both ways. He stated he could see east to a point where the highway curves to the northeast, a distance of about 3 blocks. Seeing no vehicles approaching on the highway from either direction plaintiff proceeded into the intersection at a speed of 4 to 5 miles per hour. About

when the front end of plaintiff's car crossed the paved portion of the highway it was struck on the right rear by a truck coming from the east. The truck was owned by the defendant, R. L. Kepner & Company, and was being driven by its employee, the defendant Richard Wyman. As a result of the collision plaintiff was injured and his 1954 Ford damaged.

After entering the intersection plaintiff did not again look to the east and did not hear or see defendants' truck before the accident.

State Highway Patrolman Bentley, one of plaintiff's witnesses, testified the view east from the intersection was clear, free, and unobstructed for over ½ mile or about 2,900 feet. He also testified the skid marks indicated that at the time of the impact the rear wheels of plaintiff's automobile were 2 feet north of the center line of the highway. Plaintiff's car was 16½ feet long with the back end of the body projecting 4 feet behind the rear wheels. The paved portion of the highway was 23 feet wide. Thus, at the time of the collision plaintiff's car was positioned 2 feet south of the center line of the highway to 3 feet north of the pavement.

The Kepner truck driven by defendant Wyman was loaded with 5 tons of gravel. Wyman had driven the route before and was familiar with Highway 34 as it approached and ran through the town of Artesian. He entered Artesian from the east. He first observed plaintiff's car when the truck was about 150 feet east of the intersection. Plaintiff was in, or just starting into, the intersection. Wyman was then traveling about 25 miles per hour. Plaintiff was traveling no more than 5 miles per hour. Wyman let up on the gas and slackened his speed to 23 miles per hour. Plaintiff continued to slowly cross and as the front end of the car came to the middle of the intersection Wyman started applying his brakes. The truck was then 75 feet from the intersection. Wyman first applied the truck brakes lightly, then harder, and when he was about 40 feet away he commenced to swerve to the left into the south lane. The front end of the truck was almost completely south of the center line when the front right fender and bumper of the truck col-

lided with the right rear side of plaintiff's car. The highway was level, the visibility good, and there was no oncoming traffic. After the impact the truck traveled 35 to 40 feet and left no skid marks. Wyman testified he knew if plaintiff did not stop before he reached the center line of the highway he would be getting himself into a dangerous position and that plaintiff seemed wholly unaware of the approaching truck.

██ Defendants' truck was proceeding toward the intersection at a lawful speed on a through arterial highway. Plaintiff was on a stop street. Paraphrasing and applying the conclusions reached by this court in a similar case, it was plaintiff's duty, under our law, to come to a full stop before entering or crossing Highway 34 and to make certain that such main traveled highway was free from oncoming traffic which might affect safe passage (SDC 1960 Supp. 44.-0321). Apparently plaintiff did not look at all or he did not do so effectively. Therefore, viewing the evidence in a light most favorable to plaintiff, it is our opinion that he was guilty of negligence, more than slight, as a matter of law. Kundert v. B. F. Goodrich Co., 70 S.D. 464, 18 N.W.2d 786.

██ This court views the doctrine of last clear chance as a rule of proximate cause. Nielsen v. Richman, 68 S.D. 104, 299 N.W. 74. That is "the subsequent negligence of the defendant in failing to exercise ordinary care to avoid injuring the plaintiff becomes the immediate or proximate and efficient cause of the accident, which intervenes between the accident and the more remote negligence of the plaintiff." 38 Am.Jur., Negligence, § 216, p. 903. Considered as a rule of proximate cause the common law doctrine of last clear chance is not incompatible or in conflict with our statutory rule of comparative negligence. See Annotation 59 A.L.R.2d 1261. Accordingly, if the doctrine applies, plaintiff's contributory negligence, regardless of degree, would not bar recovery.

█ In considering the application of the doctrine in the case of Poncino v. Reid-Murdock & Co., 136 Cal.App. 223, 28 P.2d 932, 934 the California Court stated "* * it is not enough to relieve a plaintiff of his own negligence that the

defendant may have had **a chance** to avoid the accident, but defendant must have had the **last chance** and also had a **clear chance** to do so by the exercise of **ordinary** care. That he should have had the **last chance** implies that his chance to avoid the accident must have come later in point of time than any similar chance on the part of the injured person. That he should have had a **clear chance** implies that he must have had more than a **bare possible chance** to avoid an unexpected peril created practically simultaneously with the happening of the accident by the negligence of the injured party." The court also observed that "Like many other cases involving collisions between moving vehicles, the accident may be said to have happened within the twinkling of an eye after the first indication of danger. While the doctrine of last clear chance has been applied in certain exceptional cases involving collisions between moving vehicles, we are of the opinion that it should not be applied to the ordinary case in which the act creating the peril occurs practically simultaneously with the happening of the accident and in which neither party can fairly be said to have had a **last clear chance** thereafter to avoid the consequences. To apply the doctrine to such cases would be equivalent to denying the existence of the general rule which makes contributory negligence a bar to recovery." See also Rodabaugh v. Tekus, 39 Cal.2d 290, 246 P.2d 663 and Doran v. City and County of San Francisco, 44 Cal.2d 477, 283 P.2d 1.

 When plaintiff first entered the intersection he was not in a place of danger calling for affirmative action on the part of defendant to avoid a collision. Initially plaintiff might have turned right into the south lane of traffic without danger to either party, or he might have stopped at any time before reaching the center line of the highway. At his slow speed he could have stopped instantaneously. Until the contrary was evident, defendant had the right to assume that plaintiff would obey the law and would not drive his car past the center line of the highway directly into the path of the truck. Plaintiff contends defendant had "ample opportunity to swerve around" him. He fails, however, to point out when this opportunity arose and the direction in which

defendant should have "swerved". Until plaintiff passed the center line of the highway he was not in a place of danger and until he committed himself defendant was not in a position to avoid the accident. By this time only 40 feet separated the two vehicles. Defendant had previously slackened his speed and applied his brakes. When it finally became apparent plaintiff was going to continue north across the intersection defendant applied his brakes harder and attempted to avoid a collision by turning left into the south lane of traffic. Defendant was then in an emergency situation created and caused, at least partially, by plaintiff's concurring negligence which continued up to the time of the collision.

In our opinion, therefore, the trial court properly granted defendants' motion for judgment notwithstanding the verdict as there is no substantial evidence that defendant had the "last" or a "clear" chance to avoid the collision.

Affirmed.

All the Judges concur.