KOTZ, Plaintiff and Appellant v. JOHNSON, Defendant
and Respondent and KOTZ, Third-Party Defendant and
Appellant

(135 N.W.2d 733)

(File No. 10106.   Opinion filed June 15, 1965)

**George F. Johnson,** Gregory, **John B. Jones** and **Pat McKeever,**
Presho, for plaintiff and appellant and third-party defendant and
appellant.

**John F. Lindley,** Chamberlain, for defendant and third-party
plaintiff and respondent.

ROBERTS, P. J. This is an action brought in behalf of Jerry Kotz, a minor, for damages for personal injury arising out of a rear-end collision between the truck operated by plaintiff's father, Al Kotz, and a truck owned by defendant, Keith Johnson, and operated by his employee Roland Stubbs.

Defendant Johnson before answering obtained leave as a third party plaintiff, hereinafter called respondent, to serve a summons and complaint upon Al Kotz asserting that the latter was liable as a joint tortfeasor to him or to the plaintiff for all or part of plaintiff's claim against him. The answer and complaint of respondent alleges that plaintiff and his father were in a gravel truck driven by the father in a northerly direction on U. S. Highway 183 at a point about 3½ miles south of Presho, South Dakota; that Roland Stubbs operating respondent's semi-trailer unit proceeding in the same direction attempted to pass the Kotz truck; that Stubbs pulled out to the west sufficiently far and was in the west lane of traffic and in the act of overtaking and passing when Al Kotz without signaling and observing whether or not he could alter his direction with safety swerved suddenly across the center lane of the highway; and that there was contact between the right front of the trailer unit and the left rear of the Kotz truck causing both vehicles to leave the highway and overturn. Third party defendant counterclaimed.

Trial to the jury resulted in a verdict and judgment for plaintiff in the amount of $15,000 and against thirty party defendant Kotz. The assignments of error, four in number, are directed to the proposition that respondent "Johnson was guilty of such negligence as required him to, as a matter of law, be responsible for some part of the damages that Jerry Kotz suffered". Appellants made a motion for directed verdict on the ground "that the driver of the Johnson truck, Stubbs, was guilty of negligence which was more than slight which negligence contributed proximately to the cause of the accident and which negligence consisted of among other things and was supported by the undisputed evidence as follows: the said Stubbs failed to keep a proper lookout ahead for other motor vehicles or objects upon the road and failed to see what would have been plainly visible within the range of his vision by an ordinarily

prudent person. Further, that the said Stubbs failed to keep his motor vehicle under such control as an ordinarily prudent and careful person would have done."

■ Whatever conflict there was in the evidence was resolved by the jury in favor of the respondent. On the basis of the evidence, it was permissible for the jury to find that Al Kotz was negligent in failing to conform to the statutory duty which required that he drive on the right half of the highway and that this violation was a contributing cause of plaintiff's injuries. Counsel for appellants admit this in their brief, but contend that the driver of the overtaking motor vehicle was by his own admission negligent with respect to lookout and the manner in which he handled the motor vehicle and that respondent cannot escape the consequences of his negligence.

■ Where an injury occurs through the concurrent negligence of two persons, and would not have occurred in the absence of either, the negligence of both is the proximate cause of the accident and both are answerable. Simmons v. Leighton, 60 S.D. 524, 244 N.W. 883; Lapp v. J. Lauesen & Co., 67 S.D. 411, 293 N.W. 536; Krumvieda v. Hammond, 71 S.D. 544, 27 N.W.2d 583. Appellants insist that the negligence of the driver of the Kotz truck insofar as liability to plaintiff is concerned would not excuse negligence of the driver of respondent's truck in failing to maintain an adequate lookout and to keep the truck under control.

Roland Stubbs testified that he was driving his employer's motor vehicle and saw the Kotz truck some distance ahead proceeding in the same direction in the righthand lane; that he could see to either side and to the front; and that he reached a point in passing where the front of the cab of the truck driven by him was even with the back of the Kotz truck. He was asked if he saw the Kotz truck pull to the left and he answered, "I didn't actually see it pull over." Later in his testimony the witness testified: "Q. If you were so unobservant as to not be watching the Kotz truck, how do you account for the fact you were observant watching to be in your own lane? A. I was watching the Kotz truck out of the corner of my eye. Q. And you didn't see

it pull over? A. I seen it drift a little bit, I figured it safe to pass and I kept on. Q. The last time you saw the Kotz truck it was on its own side? A. Barely. Q. It was pulling over? A. It was drifting a little bit. Q. I had previously asked you whether or not the operation seemed to be normal, or whether there was anything erratic and didn't you say, it was normal? A. As long as he was in his lane it would be normal. Q. You didn't mention to me then, seeing anything abnormal about the way the Kotz truck was being driven. Do you want to tell the jury now you didn't notice something abnormal. A. He appeared to be enough on his own side of the line, awful close. Q. You say now you did observe him drifting over a little? A. Yes."

This court has stated in broad terms that a party cannot claim the benefit of a version of relevant facts more favorable to his contention than he himself has given to his own testimony. Miller v. Stevens, 63 S.D. 10, 256 N.W. 152; Ford v. Robinson, 76 S.D. 457, 80 N.W.2d 471. Appellants argue that a party is likewise bound by the testimony of his own witnesses. The witness Roland Stubbs did under cross-examination make apparently inconsistent statements as to maintaining a lookout. While the evidence of this witness may have been sufficient to sustain a contrary verdict, we cannot hold as a matter of law that a directed verdict as appellants contend was required. The conflicting testimony of a witness is to be weighed by the trier of fact and not treated as a matter of law. Kipf v. Bitner, 150 Neb. 155, 33 N.W.2d 518; Snittjer Grain Co. v. Koch, 246 Iowa 1118, 71 N.W.2d 29; See annotation in 169 A.L.R. 798 and 32A C.J.S. Evidence § 1040. The witness sought to correct his statement that he did not actually see the Kotz truck pull over. The testimony favorable to the cause of the plaintiff and third party defendant was in no sense final and conclusive. The jury had the right to determine which of his statements it would accept.

Affirmed.

All the Judges concur.