RUMBOLZ, Appellant v. WIPF, Respondent

(145 N.W.2d 520)

(File No. 10275.  Opinion filed October 24, 1966)
Rehearing denied December 5, 1966

**Dennis R. Padrnos** of **Tinan, Carlson & Padrnos,** Mitchell, for plaintiff and appellant.

**Leroy S. Lassegard,** Mitchell, for defendant and respondent.

HOMEYER, Judge.

Plaintiff appeals from a judgment which denied him recovery for damages to his automobile resulting from an intersectional collision with an automobile driven by the defendant. The complaint alleged that defendant's negligence was the proximate cause of the accident. Defendant filed a general denial. The matter was tried to the court without a jury. The

court found the defendant was negligent as a matter of law,[1] but such negligence was not the proximate cause of the accident and that the sole proximate cause of the collision was the negligence of one Jerry Mahrt who was driving plaintiff's automobile. Plaintiff made a motion for new trial which was denied.

The single issue involved in this appeal is whether the evidence will sustain the trial court's determination in effect that the negligence of the defendant was not a proximate contributing cause of the collision.

The accident occurred shortly before noon on January 22, 1963, at an intersection of Sanborn Street and 14th Avenue in Mitchell, South Dakota. Sanborn Street is also designated as State Highway No. 37, a paved four-lane highway, which runs north-south at such intersection and the entrance thereto from 14th Avenue, an east-west two-lane street, is protected by stop signs.

The evidence shows that Jerry Mahrt borrowed plaintiff's car for his own purposes to take a starter to the National Guard Armory for repair and the accident occurred while en route. Mahrt testified that he was driving south on the inside lane of Sanborn Street; that he saw defendant's car stopped at the stop sign on 14th Avenue, which controls traffic moving eastward, from a distance of about one block; that he saw her enter the intersection and when about one-half block away he discovered that she was going to cross the intersection; that she stopped a second time and then pulled out in front of him again; he slammed his brakes and swerved to the right, but he struck the left rear fender when his front end was straddling the line separating the two southbound lanes. Mahrt knew the street was icy and said he would have been able to stop if it had not been icy. He estimated his speed between 25 and 35 miles per hour.

---

1. The court found defendant negligent as a matter of law in violating SDC 1960 Supp. 44.0321 as amended by Ch. 225, Laws of 1961, which provides: "The State Highway Commission with reference to State highways and local authorities with reference to highways under their jurisdiction are hereby authorized to designate main traveled or through highways by erecting at the entrances thereto from intersecting highways, signs notifying drivers of vehicles to come to a full stop or to yield and before entering or crossing such designated highways shall be certain that such main traveled or designated highway shall be free from oncoming traffic which may affect safe passage. It shall be unlawful for the driver of any vehicle to fail to comply with the provisions of this section".

A patrolman from the Mitchell police department investigated the accident. He testified that a motorist stopped at the stop sign on the west side of Sanborn Street can see north on such street about 1/2 block and south about 3/4 to one block; that as a motorist proceeds onto Sanborn his visibility northward increases to 1 1/2 to 2 blocks; that the speed limit at the intersection is 30 miles per hour and north one block it is 45 miles per hour. He said he talked to defendant at the accident scene and she told him she had stopped at the stop sign and looked both ways and didn't see anything and proceeded across Sanborn Street when she saw Mahrt's car, but that she could not get out of the way in time.

Defendant testified that she made a complete stop at the stop sign and looked north and south and saw no traffic and then proceeded across Sanborn Street; that she again looked north and saw a car coming at a rapid speed and stepped on the gas and her car was struck on the left rear fender. Her counsel asked her:

"Q Where were you when you first saw the car? That's what I want to get straight? A I had proceeded east, and I was perhaps on the—not at the center line, but nearing there when I glanced north and I saw this car coming, and I knew I couldn't avoid it, so I stepped on the gas to get out of his way."

Plaintiff's counsel on cross-examination then asked her:

"Q From the time that you stopped at the stop sign until you were half-way across, as I understand your testimony, you were just about half way across the two southbound lanes? A Yes; about in the center. Q From that time until then was the first time you saw the car driven by Mr. Mahrt? A Yes; because I was going east and I was watching where I was driving, but I just glanced north to see if there was something, and I saw this car coming, and I see I couldn't avoid it."

Defendant also testified that there was snow all around her and "it was like driving in a blizzard"; that after the im-

pact her car crossed Sanborn Street to the east curb and swung around and recrossed the street and came to rest against the west curb about 100 feet down the street and about six or seven feet behind plaintiff's car. Based on physical facts relative to damage to the vehicles and position when they came to rest, the trial court found Mahrt was driving in excess of 35 miles per hour.

■■ The plaintiff as bailor loaned his automobile to Jerry Mahrt as bailee and the accident occurred while he was using it on business of his own and not in the interests of plaintiff. Under such circumstances any negligence of Mahrt cannot be imputed to the plaintiff as contributory negligence. The negligence of the bailee is an extraneous issue and can be considered only on the question whether it was the sole contributing cause of the injury in which case the third person would not be liable to the bailor. 8 Am.Jur.2d, Bailments, § 253. See Rowan v. Becker, 73 S.D. 273, 41 N.W.2d 836; Knapp v. Styer, 8 Cir., 280 F.2d 384; Lusty v. Ostlie, N.D., 71 N.W.2d 753.

■ When an injury occurs through the concurrent negligence of two persons, and would not have occurred in the absence of either, the negligence of both is the proximate cause of the accident and both are answerable. Rowan v. Becker, supra; Krumvieda v. Hammond, 71 S.D. 544, 27 N.W.2d 583; Kotz v. Johnson, 81 S.D. 387, 135 N.W.2d 733. Consequently, if the defendant was negligent and such negligence was a proximate cause or a proximate contributing cause of plaintiff's damage, he can recover even though Mahrt was also negligent.

■ Questions of negligence and proximate cause are usually questions of fact to be decided by the jury or by the court where no jury is present, and where there is evidence to support the determination so made it will not be disturbed even though there are facts which would warrant a different conclusion. Stygles v. Ellis, 80 S.D. 346, 123 N.W.2d 348; Raverty v. Goetz, 82 S.D. 192, 143 N.W.2d 859.

■ Proximate cause is the legal cause of an injury; it is the immediate cause which in a natural and continuous sequence

unbroken by the intervention of a new and independent cause produces the injury without which it could not have happened. Hjermstad v. Petroleum Carriers, 74 S.D. 406, 53 N.W.2d 839; Schmeling v. Jorgensen, 77 S.D. 8, 84 N.W.2d 558. The proximate cause of an injury may generally be said to be that act or omission which immediately causes or fails to prevent an injury; an act or omission occurring or concurring with another, without which the injury would not have been inflicted. Thompson v. Hawes, 25 Tenn.App. 581, 162 S.W.2d 71.

We are satisfied that the facts as disclosed by the record and allowing the defendant every reasonable inference therefrom will not support the judgment on the basis that the negligence of the defendant was not a proximate contributing cause of the accident and that the negligence of Mahrt was the sole proximate cause of the collision. Conversely, the record establishes that the negligence of the defendant was at least one of the proximate contributing causes of plaintiff's damage. For the independent negligence of Mahrt to constitute the sole proximate cause of plaintiff's damages and displace the negligence of the defendant, "it must appear from the evidence that such negligence was so disconnected in time and nature as to make it plain that the damage occasioned was in no way the natural or probable consequence of the negligence" of the defendant who thus urges her nonliability. Fishman v. Silva, 116 Cal.App. 1, 2 P.2d 473. The record does not reasonably permit this conclusion.

On facts not materially different from those in the instant case, this court in Rowan v. Becker, supra, said:

"Respondent was guilty of negligence, as a matter of law, in failing to stop before entering upon said arterial highway, and in failing to keep a proper outlook for oncoming cars." (Cases cited) "It may be inferred from this record that Dale Menser was also guilty of negligence in driving appellant's car at an excessive rate of speed and failing to have such car under proper control." (Cases cited) "We are satisfied, under this record, that the respondent was guilty of negligence as a matter of

law; and that such negligence was at least one of the proximate contributing causes of the accident in question, and under the rule of law hereinbefore stated respondent is liable to appellant for the damages the latter sustained. The court erred in denying the motion for a directed verdict upon all the issues except the amount of appellant's damages."

Language of similar import was used by this court in Vlach v. Wyman, 78 S.D. 504, 104 N.W.2d 817 and in State.v. Muhs, 81 S.D. 480, 137 N.W.2d 237. In Muhs the court in a prosecution for reckless driving premised on Ch. 225, Laws of 1961, said violation of the duty "to look effectively" at an intersection protected by a yield right-of-way sign resulting in a collision with a motor vehicle on the favored highway "was a proximate cause of the collision" and sustained a conviction. The Rowan case is cited.

██ We recognize the court found that the negligence of Mahrt was subsequent to the negligence of defendant, but in our opinion the record does not support such finding. The negligence of the defendant was active and continuing to the time of the collision. The doctrine of subsequent negligence[2] or "last clear chance" as a rule of proximate cause, Nielsen v. Richman, 68 S.D. 104, 299 N.W. 74, has been applied in exceptional cases involving collisions between moving vehicles, but it should not be applied to the ordinary case in which the act creating the peril occurs practically simultaneously with the happening of the accident. Vlach v. Wyman, supra.

The judgment is reversed and the cause is remanded to the trial court with directions to enter judgment for the plaintiff for the amount of his damages.

RENTTO, P. J., and HANSON and BIEGELMEIER, JJ., concur.

ROBERTS, J., dissents in part.

ROBERTS, Judge (dissenting in part).

2. For other designations of the doctrine, see 65A C.J.S. Negligence § 136(1), p. 122, and cases there cited.

I concur in the part of the opinion holding that the contributory negligence of the bailee of an automobile does not bar the bailor from recovery. The negligence of the bailee in my opinion can be considered on the question of whether such negligence was the sole contributing cause of the accident. A majority of the court is of the opinion that the evidence does not sustain the finding of the trial court that any act or omission on the part of the defendant was not a contributing cause of the collision. This court cannot now determine that defendant cannot prevail on this or some other issue upon retrial of the action. I would reverse the judgment, without other direction, which would be tantamount to the grant of a new trial. This disposition would conform to the long established rule of appellate practice that this court will not invade the fact finding authority of courts of original jurisdiction. Minnehaha National Bank of Sioux Falls v. Torrey, 10 S.D. 548, 74 N.W. 890; Kerr v. Staufer, 59 S.D. 83, 238 N.W. 156; Froke v. Watertown Gas Company, 68 S.D. 266, 1 N.W.2d 590; General Tire & Rubber Co. v. Hamm, 69 S.D. 72, 6 N.W.2d 442.