Walter F. WEINZETL, Plaintiff and Appellant,

v.

Herbert JOHNSON, Defendant and Appellee.

No. 12869.

Supreme Court of South Dakota.

Considered on Briefs April 22, 1980.

Decided June 4, 1980.

John E. Burke, Sioux Falls, for plaintiff and appellant.

John Simko of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellee.

PER CURIAM.

The issue on appeal, like that in *Hanson v. Beesley*, 292 N.W.2d 804 (S.D.1980), opinion filed this date, is whether the trial court erred by refusing to instruct the jury on the doctrine of last clear chance. Because the facts of the case do not justify such an instruction, we hold that the trial court did not err, and we affirm the judgment.

Walter Weinzetl's car caught fire as Weinzetl was driving east on West 12th Street in Sioux Falls at 8:00 p. m. on February 18, 1978. Weinzetl parked his car close to the right curb. Gary Brasel, the driver who had warned Weinzetl of the fire, parked his car behind Weinzetl's car, left the headlights on, and went to help put out the fire.

After the fire was extinguished, Weinzetl started his car. He got out of the car, thanked Brasel, and shut the hood of the car. As he stepped from the front of his car to return to the driver's seat, Weinzetl was hit by a car driven by defendant.

Defendant was traveling east in the curb lane of West 12th Street at the speed limit, 35 miles per hour, when he thought that he saw three parked cars ahead of him. In an attempt to avoid hitting the cars defendant slowed down, swerved to the left, and immediately heard a bang on the right front side of his car.

Defendant did not see Weinzetl before hitting him; Weinzetl did not see defendant's car before he was hit. A passenger in a car traveling in the middle lane at the time of the accident noted that "If Mr. Johnson's car would have pulled out maybe one second earlier from the other end of the two cars, it might not have happened; or if Mr. Weinzetl hesitated just a split second, it might not have happened. It just all occurred at the same time."

The doctrine of last clear chance has no applicability in this factual setting. Weinzetl stepped from in front of his car into the lane of traffic just as defendant's car was in a position to strike him. The events occurred so quickly that neither party saw each other, was aware of the danger, or had an opportunity to avoid the consequences. Where, as here, the act creating the peril occurs practically simultaneously with the happening of the accident, neither party has the last clear chance to avoid the accident. *Vlach v. Wyman*, 78 S.D. 504, 104 N.W.2d 817 (1960). Consequently, the trial court was correct in refusing to instruct the jury on the doctrine.

The judgment is affirmed.